## COYOTE G. & S. M. Co. *v.* RUBLE, ET AL.

9   121
35   486
35   487

RULE OF COURT—COURT AND SUITORS BOUND THEREBY—REHEARING.

The supreme court has the inherent right to prescribe rules for the orderly conduct of its business, not repugnant to law.

Such rules may be changed, modified or rescinded by the power from which they emanated; but, while they are in force, they must be applied to all cases falling within them. No discretion can be exercised as to their application, unless such discretion be authorized by the rules themselves. The court, equally with suitors, is bound by its rules.

A rule of the supreme court, prescribing a certain time within which petitions for rehearing shall be filed after the judgment, order, or decision of the court is announced, vests in the court no discretion to grant a rehearing after the time, limited by the rule, has expired.

By the Court, LORD, C. J.:

Rule 36 of this court provides that all motions for rehearing shall be upon petition in writing, presented and filed within two days after the judgment, order, or decision of the court is announced, and within the same term. This cause was tried and the decision therein rendered at the January term, 1880. At the following July term the respondent filed a motion to set aside the decision and for a rehearing. Argument of counsel, pro and con, was heard upon the question of the authority of the court, to entertain such motion after the time limited by the rule had expired.

The proposition, submitted for argument, was, whether the court had the authority to grant a rehearing after the time,

9

limited by rule 36, had expired. That rule provides, that "all motions for rehearing shall be upon petition in writing, and filed within two days after the judgment, order, or decision of the court is announced, and within the same term." It is conceded that none of the petitions before us were filed within the time prescribed by the rule, but it is claimed that the right of the court to rehear is an inherent right or prerogative, dependent solely for its exercise upon a proper case requiring relief, and independent of the limitations of this rule.

Without the aid of any statutory regulation, it has been repeatedly decided that every court of record possesses the inherent power to establish and enforce rules for regulating the practice before it, not repugnant to any constitutional or legislative enactments. "Under our system," says Justice Mc-Arthur, in *Carney* v. *Barrett*, "all courts have certain inherent powers, to be exercised for the purpose of methodically disposing of all cases brought before them. (4 Oregon, 471.) They can establish such rules in relation to the details of business as shall best serve this purpose, having proper regard for the rights of the parties litigant, as guaranteed and recognized by the constitution and the laws."

It may, then, be safely affirmed, in the absence of any legislative authority, that the supreme court has the inherent right to prescribe rules for the orderly conduct of its business not contrary to law. But if this were questionable, the authority of "every court of justice to provide for the orderly conduct of proceedings before it," is expressly conferred by the statute. (Civil Code, sec. 884, sub. 3.)

The rule under consideration is one of practice, is not unreasonable, nor repugnant to law, and is within the legitimate and unquestioned power of the court to establish. Like all other rules, it has been entered upon the records of this court and published in the Oregon Reports, that every one may read and know them.

The question then occurs, what effect is to be given to this rule ? Does it have the force of law, and is it equally bind-

ing on the courts and litigants? In *Thompson* v. *Hatch*, 3 Pick., 512, Parker, C. J., in delivering the opinion of the court, says: "But a rule of the court, thus authorized and made, has the force of law, and is binding on the court, as well as upon parties to an action, and cannot be dispensed with to suit the circumstances of any particular case. In the case before us the plea was allowed to be filed on the fifth day of the term, although the rule allows but four days for that purpose. The circumstances were such as would justify that order of the court if it had power to pass it, but we are satisfied that no one judge of the court of common pleas, or of this court, has authority to dispense with rules deliberately made and promulgated, on account of the hardship of any particular case, any more than he would have authority to dispense with any requisition of the legislature itself. The court may rescind or repeal their rules, without doubt, or in establishing them, may reserve the exercise of discretion in particular cases. But the rule once made without such qualification, must be applied to all cases which come within it, until it is repealed by the authority which made it."

In *Hanson* v. *McCue*, 43 Cal., 179, the court say: "The propriety of granting this motion depends upon the construction of rule twenty of this court. This rule requires that the petition for rehearing 'must be filed within twenty-five days after the judgment has been rendered,' and further, "that the time herein prescribed shall not be extended by the court, and the clerk shall not file a petition after such time has expired.' These plain and positive provisions cannot be avoided upon the ground of accident, or excusable neglect. The filing of a petition for rehearing is not a matter of right. It is a privilege given by the court, governed and limited entirely by its rules. The power to make these rules is given and controlled by the statute. The court, equally with suitors, is bound by them until they are abrogated. We must construe them as statutory provisions would be construed. We can conceive of no case in which the time for filing a petition for rehearing can

be enlarged, or the failure to file excused, under the positive prohibition of the rule."

In *Owens* v. *Ranstead*, 22 Ill., 173, it is said that "every court has an inherent power to prescribe rules, being only limited by their reasonableness and conformity to constitutional and legislative enactments. Without this power it would be impossible to dispatch business—delays would be interminable, etc. Such rules the court can change, modify or rescind, but while they are in force they must be applied to all cases falling within them. No discretion can be exercised as to their application, unless such discretion be authorized by the rules themselves."

"Where a court has established rules for its government and that of suitors, there exists no discretion in the court to dispense at pleasure with their rules, or to innovate on established practice." (*Hughes* v. *Jackson*, 12 Md., 463.)

In *Walker* v. *Ducros*, it is said that rules of court have the force of law, and are not less obligatory upon the judge than upon the parties to the action. Parties litigant might often be subjected to serious inconvenience and to undue advantages where rules of procedure are not strictly adhered to, while on the other hand, by their rigid observance, annoyance from delay, or other sources, would be of less frequent occurrence. Courts are clothed with power to prescribe such rules of proceeding appertaining to their jurisdiction as may be necessary and useful in the exercise of their functions, and which have not been established by law. These rules become in effect laws, which may be modified or repealed by the power from which they emanate, but they ought not to be relaxed, or suspended, to meet temporary convenience, or to be accommodated to the ever-varying circumstances of time. The evils that would arise from a vacillating and uncertain operation of such rules are more and greater than any that would, by such lax operation, be obviated." (18 Louisiana, 703.)

It is not material whether the power of the court, to make

rules for the orderly conduct of its business, is derived from the statute, or from the inherent power which the courts possess for that purpose, as in either case, the rule, to be valid, must not be in conflict with any constitutional provision or legislative enactment.   But when deliberately made and promulgated, and not repugnant to law, the decisions are uniform that such rules have the force and effect of law, and are equally binding upon the court and litigants.   The court may modify, change, or rescind any of its rules, or it may reserve the exercise of discretion for particular cases, but while they are in force, and without any such qualification reserved, they must be applied to all cases coming within their provisions.   As none of these petitions were filed within the time prescribed by the rule, it follows that the rehearing cannot be granted.

Rehearing denied.