Argued 20 November; decided 26 December, 1899.

## STATE *v.* BIRCHARD.

[ 59 Pac. 468.]

1. TIME WITHIN WHICH TO REQUEST INSTRUCTIONS.—The law requires that requests for instructions must be presented a reasonable time before the jury shall be charged, but counsel should not be compelled to make such requests before the evidence has been heard.

2. HARMLESS ERROR—ASKING INSTRUCTIONS.—Error in limiting the time within which requests for instructions must be submitted to the court is harmless where the court fully and correctly instructed the jury on the questions involved.

3. INSTRUCTION ON CREDIBILITY OF WITNESS.—Hill's Ann. Laws, § 845, subd. 3, requiring the court to instruct the jury, on all proper occasions, "that a witness false in one part of his testimony is to be distrusted in others," is sufficiently complied with by an instruction that, "where evidence is given tending to contradict the sworn statement of a witness, that does not, of itself, as a matter of law, take out of the case the testimony of the witness, but it goes to you for what you may deem it worth, as affecting the value of the sworn statements of the witness before you; and it is for you to determine, when all these statements are taken together, how much importance you will attach to the testimony of the witness."

4. RAPE—AGE OF CONSENT—FAILURE TO COMPLAIN.—Where a charge of rape is predicated on the claim that the female is under the age of consent, instructions as to her failure to make complaint are not necessary.

5. INSTRUCTIONS MUST BE BASED ON EVIDENCE.—Instructions as to failure of prosecutrix in a rape case to make complaint are not called for where there is no evidence as to whether or not she made complaint.

6. RAPE—PROPRIETY OF INSTRUCTION.—There is no obligation to instruct a jury regarding the character of a crime or as to the general effect on the minds of those who hear of such an offence having been charged against one, since neither statement involves any legal principle.

7. HARMLESS ERROR.—An instruction, in a prosecution for rape based on prosecutrix being under the age of consent, that the jury should find defendant guilty if they found he committed the offense within three years prior to finding the indictment (Hill's Ann. Laws, § 1207, prescribing a three-years' limitation), is harmless, though there was a period during the three years before the age of consent was raised within which she could have given her consent; the evidence showing that the crime was not committed within such period.

8. TRIAL—CONTINUANCE FOR ABSENT WITNESS.—Refusal to grant a continuance to procure a witness who had been subpœnaed, but who had a few minutes before gone from the court room, is not error, where no application was made for the arrest of the witness on account of his absence.

9. EVIDENCE OF BIAS.—Evidence of bias should be limited to showing the feeling of adverse witnesses or those who dominate or influence such witnesses.

10. IMPROPER STATEMENTS OF PROSECUTING ATTORNEY.*—It is reversible error to permit a prosecuting attorney to purposely reiterate to the jury a charge not supported by the evidence, but where the judge at once warned the attorney to refrain from further violation of the rule, and directed the jury to disregard such improper remarks, the error was sufficiently corrected. If a special instruction on that point was desired it should have been requested.

From Marion : GEO. H. BURNETT, Judge.

Appeal from a conviction of rape.

AFFIRMED.

For appellant there was a brief over the names of *Sherman, Condit & Park, O. H. Irvine,* and *James McCain,* with an oral argument by *Mr. A. O. Condit.*

For the state there was a brief and an oral argument by *Messrs. D. R. N. Blackburn,* Attorney-General, *S. L. Hayden,* District Attorney, and *John H. McNary.*

MR. JUSTICE MOORE delivered the opinion of the court.

The defendant, Willard Birchard, was indicted, tried, and convicted of the crime of rape, alleged to have been committed July 10, 1895, by having illicit sexual intercourse with one Minnie Birchard, a female child under the age of sixteen years ; and, having been sentenced to imprisonment in the penitentiary for the term of twenty years, he appeals.

1. It is contended by defendant's counsel that the court erred in limiting the time to one hour after the case was called for trial, in which to submit requests for special instructions. The bill of exceptions shows that, upon the cause being called for trial, defendant's counsel gave notice that they would require the instructions to be in writing, whereupon the court ordered that such special instructions as they desired to be given should

---

* NOTE.—See monographic note on this subject in 46 L. R. A. 641–672.

be submitted within one hour, to which order an exception was taken. Counsel for the state seek to justify this course by rule 13 of the trial court, which reads as follows : "If either party desires the court to give special instructions to the jury on any questions of law, he must, unless the court shall otherwise direct at the commencement of the trial, submit such instructions in writing to the court before the first argument is begun, and each instruction must be separately numbered." It is argued that under this rule defendant's counsel had until the commencement of the first argument in which to submit instructions, and that while the court might, at the commencement of the trial, have extended the time, it was powerless to shorten it, and, having done so, the defendant was denied a substantial right, to his prejudice. The authority of a court to prescribe rules to facilitate the orderly dispatch of business is conferred by statute, which declares that every court of justice has power to provide for the orderly conduct of proceedings before it or its officers: Hill's Ann. Laws, § 911, subd. 3. "Under our system," says Mr. Justice McArthur, in *Carney* v. *Barrett*, 4 Or. 171, in commenting upon the power of a court to adopt a similar rule, "all courts have certain inherent powers, to be exercised for the purpose of methodically disposing of all cases brought before them. They can establish such rules in relation to the details of business as shall best serve this purpose, having proper regard for the rights of parties litigant, as guaranteed and recognized by the constitution and the laws." In *Coyote Gold Min. Co.* v. *Ruble*, 9 Or. 121, it is held that rules adopted by a court may be changed, modified, or rescinded by the power from which they emanated, but while they are in force they must be applied to all cases falling within them. No discretion can be exercised as to their application, unless authorized by

the rules themselves, which are equally binding upon the court and its suitors. Under the Roman law, every prætor, on entering office, published rules by which he was governed in the administration of justice. At first he had power to alter such rules annually, but, as such changes opened the way to frauds, a law was enacted by which he was obliged throughout his term to adhere to the rules he had promulgated at the commencement thereof: 1 Kent, Comm. *529. Whatever may have been the origin or reason of the rule, it is now well settled that a court is bound by its rules, and cannot change them to suit the circumstances of a particular case, to the prejudice of a party: *Coyote Gold Min. Co.* v. *Ruble*, 9 Or. 121.

The rule to which attention has been called provides that, unless otherwise directed at the commencement of the trial, special instructions requested by either party must be in writing, and submitted to the court before the first argument begins. It will be observed that the power is reserved to the trial court to change this rule to suit the exigencies of each case. So long as rules of court do not conflict with the constitution or the laws of the land, their interpretation by the court which promulgated them will not be disturbed by an appellate court unless manifest injustice results therefrom: 8 Am. & Eng. Enc. Law (2 ed.), 31. It is incumbent upon an attorney to render the court all the assistance in his power in the trial of causes in which he has been retained, and in the performance of this duty he should suggest to the court, and request it to give, such instructions as he thinks applicable to the facts of the case, compatible with his theory. When counsel on each side of a case do this, and submit to the court in writing their respective views of the law, the court is enabled thereby, if received in proper time, to adopt such as it thinks suitable, or to

frame others therefrom ; and by this means the attorney becomes an aid to, and a friend of, the court. The more time a court can give to the examination of instructions, the better the consideration they will receive, and hence it is the duty of counsel to present their requests for instructions as soon as possible. In the trial of a cause, however, many things may occur after the first argument commences, and before the cause is finally submitted, which it might be the duty of counsel to bring to the attention of the court, and, orally, request it to instruct the jury in relation to ; and while a rule may demand that such requests shall be in writing, and made within a specified time, the rule, in the interest of justice, must yield to the higher law of an imperious necessity. If this were not so, what hardships an appellant might possibly encounter under the rule adopted in this state, that he must request the court to give special instructions before he can be heard to complain of any failure in this respect ! For if the court, before the jury was impaneled, and before it could be known what the evidence would be, could limit to one hour the time in which to suggest instructions, it might with equal propriety limit it to one moment; and then, if the court failed to instruct upon a material fact, the party would be turned out of the appellate court because he had not asked an instruction within the time limited. Clearly, this would be a travesty of justice. Instructions must be predicated upon the evidence submitted under the issues, and, while an attorney must know in a general way what evidence he may reasonably expect will be introduced, surprises in the trial of actions await the most vigilant and skillful, in view of which the law allows a reasonable time in which to request the court to give instructions which will meet the contingencies that arise : *People* v. *Williams*, 32 Cal. 281 ; *People* v. *Demasters*, 105 Cal. 669 (39 Pac. 35) .

2.   Whatever may have been said in animadversion of the rule, its application to the case at bar can have produced no appreciable injury to the defendant, if the court fully instructed the jury upon the law applicable to the facts involved, and committed no error in refusing to give the instructions which his counsel requested.

3.   Defendant's counsel excepted to the charge of the court for the reason that the jury were not instructed that, if they found from the evidence that a witness had testified falsely in regard to one material fact, the testimony of such witness was to be distrusted in regard to other matters.   The statute requires the court to instruct the jury, on all proper occasions, "that a witness false in one part of his testimony is to be distrusted in others :" Hill's Ann. Laws, § 845, subd. 3.   It is insisted that the testimony of the prosecutrix in relation to her age is contradicted by her admissions made at another time.   It appears that, at an examination of applicants for teacher's certificates, she was required by the county superintendent of Marion County to "write her full name, age, post-office address, and the date," which she did, as follows : "Minnie Birchard ; age, 17 ; Stayton, Oregon ; May 13, 1896."   At the trial, held February 15, 1897, she testified as a witness for the state that the alleged crime was committed July 10, 1895, and in answer to the question, "How old do you say you are now?" said, "I was seventeen the eighth day of last August."   This witness in her redirect examination admitted that the statement made upon said examination for a teacher's certificate was false, but explained that the defendant told her she could not get a certificate unless she stated that she was seventeen years old, and, being afraid she would fail in the examination, and knowing how disappointed the defendant would feel if such were the result, she answered the questions as he told her.   The court did not charge the

jury in the language of the statute, but gave them the following instruction : "Where evidence is given tending to contradict the sworn statement of a witness, that does not of itself, as a mater of law, take out of the case the testimony of the witness, but it goes to you for what you may deem it worth, as affecting the value of the sworn statement of the witness before you ; and it is for you to determine, when all of these statements are taken together, how much importance you will attach to the testimony of the witness." The writing made at the teacher's examination was not sworn to by the witness, but the statement therein in relation to her age was a declaration which the jury had a right to consider in connection with the reason she gave for having made it.

The evidence shows that Minnie Birchard is the defendant's daughter, and also tends to show that the crime for which he was on trial was committed in the presence of another daughter. The prosecutrix and this other daughter, appearing as witnesses for the state, each detailed what the defendant purported to have said on that occasion, whereupon each was asked if she had not, in the presence of certain named persons, stated at the defendant's preliminary examination that nothing whatever was said by the defendant at that time ; and, each having denied that she gave such testimony, one of the persons whose names were so given in the impeaching question was called as a witness by the defendant, and stated that each had so testified. What the defendant said on that occasion was not so material as what he did, for the force alleged to have been employed was such only as the law implies from the inability of the prosecutrix to yield her consent by reason of her youth. In view of this fact, we think the court's instruction in relation to the contradictory testimony of the witnesses sufficient to

enable the jury to determine the credibility of such witnesses, and the weight that should be attached to their evidence.

4.  The court refused to give the following instruction which was requested by the defendant's counsel: "If you find that the prosecutrix, Minnie Birchard, continued in her usual work and employment for some time after the commission of the alleged rape upon her, and that she had opportunity to make complaint of the alleged rape upon her, and failed to make such complaint for several months thereafter, then you have a right to consider, and should consider, her failure to make such complaint as a circumstance tending to cast discredit upon her testimony as to the commission of the alleged rape," and defendant excepted.   The bill of exceptions, referring to this matter, contains the following recital : "There·was no testimony as to whether Minnie Birchard continued in her usual employment, or not, after the alleged rape upon her, or as to whether or not she made complaint of the commission of the alleged rape upon her."   It is insisted by defendant's counsel that it is the duty of the court, in all trials for rape, to give this instruction, in the absence of any evidence tending to show that the prosecutrix complained of the assault at the time, or soon after, it was committed.   In actions of forcible ravishment it is customary for the state to prove that the prosecutrix made complaint of the assault upon her as soon after its commission as she could find a person in whom she could safely confide, and to whom she could detail the circumstances of her misfortune ; and her failure to make complaint in the manner and to the persons indicated is generally construed as authorizing the inference that she at least partially consented to the commission of the particular act which, when discovered, evidences her degradation : *Johnson* v. *State*, 27 Neb. 687

(43 N. W. 425); *Thompson* v. *State*, 33 Tex. Cr. App. 472 (26 S. W. 987). Such complaint is but the natural expression of a virtuous female who has been wantonly outraged by the use of superior physical force, or intimidation by threats. But where, as in the case at bar, the intercourse is alleged to have been had with a person under the age of consent, the reason for the rule ceases, and it necessarily becomes inoperative.

5. But, however this may be, instructions must be predicated upon evidence introduced at the trial, and it is not error to refuse to give them, however correct in principle, where there is no testimony tending to prove the facts material to the issue : *Glaze* v. *Whitley*, 5 Or. 164. The prosecutrix appeared as a witness in behalf of the state, and defendant had an opportunity to cross-examine her in relation to any complaints she may have made, or her failure in this respect, if he had so desired ; but, not having asked any questions upon that subject, no error was committed in refusing to give this instruction.

6. Within the time so limited by the court, defendant's counsel requested it to give the following instruction : "The crime of rape is a heinous offense, and one the mere charge of which against the defendant is calculated to engender in the mind indignation and strong prejudice against him. The charge of rape is easily made, and hard to defend against. I therefore caution you to lay aside all such prejudice, and examine the evidence with critical care before arriving at a verdict ; and if, after such examination, there remains in your minds a reasonable doubt as to the truth of the charge, you cannot find the defendant guilty of rape." An exception having been taken to the court's action in this respect, it is contended by defendant's counsel that an error was committed in refusing to give the instruction.

The court in its general charge said to the jury: "You are not to rush blindly to a conclusion in the case, or to allow yourselves to be swerved by passion or prejudice from the true line of duty as laid down in the law of the land. Neither are you to allow mere sentiment to influence you in the discharge of your duty. Whatever your verdict is, it must be the product of a careful and impartial consideration of all the evidence in the case, under the rules of law given you by the court. * * * It is not sufficient for the state to make out by the testimony a strong probability of defendant's guilt, or merely a better case than that of the defendant. In order to secure the conviction, the state must convince you by the evidence, beyond a reasonable doubt, that the defendant is guilty as charged in the indictment, or of some crime necessarily included therein." It will be seen that the court, in effect, instructed the jury as requested, except as to the character of the offense, the effect which a charge of its commission might produce upon the minds of the jurors, the ease with which the charge is made, and the difficulty encountered in defending against it. It is held that the part of the instruction so refused is not the enunciation of a principle of law founded upon any fact in evidence, but is, rather, a statement of the conclusion of the judicial mind from experience in the trial of this class of offenses, and that no error is committed in refusing such requests for instruction: *Crump* v. *Com.* (Va.) 23 S. E. 760; *Doyle* v. *State*, 39 Fla. 155 (22 South. 272); *People* v. *Barney*, 114 Cal. 554 (47 Pac. 4). The court, having admonished the jury to lay aside any prejudice which they may have entertained, did all that the law requires, and no error was committed in refusing to give the part of the instruction asked for which was omitted from the general charge to the jury.

7. It is also contended that the court erred in saying

in substance to the jury, over the defendant's objection and exception, that if they found that the defendant committed the crime in Marion County, Oregon, within three years next prior to the finding of the indictment, they should return a verdict of guilty. Section 1733, Hill's Ann. Laws, originally provided, "If any person shall carnally know any female child under the age of fourteen years  *  *  *  such person shall be deemed guilty of rape, and upon conviction thereof shall be punished," etc. This section was amended by an act of the legislative assembly approved February 25, 1895 (Laws, 1895, p. 67), the age of consent being changed from fourteen to sixteen years; but the amendatory act, having no emergency clause, did not take effect until May 23, 1895. The evidence shows that the prosecutrix was born August 8, 1879, and under the statute then in force attained the age of consent August 8, 1893, from which date, until the amendatory act took effect, she was capable of consenting. The indictment in the case at bar was returned February 9, 1897, and it will thus be seen that within the three years prior to the finding of the indictment, as specified in the instruction, there was a period of one year, nine months, and fifteen days during which the prosecutrix could have yielded her consent to the illicit intercourse of which she now complains. It is insisted that in view of these facts the instruction is erroneous. The statute provides that for any felony, except murder and manslaughter, a criminal action must be commenced within three years after its commission: Hill's Ann. Laws, § 1207. It is evident that the court had this statute in mind when the instruction complained of was given, and if there was any evidence tending to show that the crime was committed after the prosecutrix attained the age of fourteen years, and prior to the amendment of the statute, error could

be predicated thereon; but the bill of exceptions shows that the crime was committed, if the testimony of the witnesses is to be believed, July 10, 1895, and hence the defendant was not prejudiced by such instruction.

We have carefully considered the instructions which the court refused, as well as those which it gave, and are satisfied that the jury were fully instructed upon all questions of law applicable to the facts involved in the case, and that the instructions which were refused should not have been given; and, this being so, the defendant was not prejudiced by the limit which the court imposed with respect to the time in which his counsel were required to submit written requests for instructions.

8.   It is contended by defendant's counsel that the court erred in refusing, over their exception, to grant a continuance of a few moments, to enable them to procure the attendance of a witness who had been subpœnaed on behalf of their client, and had been in attendance, but who, a few moments before he was called, had, without their knowledge or consent, left the court room. They informed the court that they expected to prove by the testimony of said witness that the prosecutrix, at the defendant's preliminary examination, had testified that no conversation occurred between the defendant and herself at the time it is alleged the offense was committed, while at the trial she detailed what the defendant purported to have said to her at that time. It was the duty of the defendant, if he desired to procure the testimony of the absent witness, to apply for an attachment, proving the due service of a subpœna upon him, and his failure to attend (Hill's Ann. Laws, § 799); and, not having done so, no error was committed in refusing to grant the continuance.

9.   It is contended that the court erred in refusing to permit the defendant, as a witness in his own behalf, to

testify concerning the relations existing between himself and members of his family who had not appeared as witnesses against him. The object of admitting evidence tending to show the bias of a witness is to assist the jury in determining his credibility and weighing his evidence. It must therefore be limited to witnesses giving evidence adverse to the party seeking to establish such bias. If it appeared that the prosecutrix was a person of feeble intellect, whose mind was easily influenced, and that she was dominated by some person who was hostile to the defendant, evidence of the relations existing between such person and the defendant would undoubtedly be admissible ; but, as the bill of exceptions fails to disclose such conditions, no error was committed in refusing to permit the question to be answered.

10.    The district attorney, in his opening statement to the jury, said : "We shall show, during the trial, that the defendant has committed other crimes of a like nature with said Minnie Birchard." Defendant's counsel having objected to the use of such language, the court said : "I don't think that is a competent statement, in any view of the law. You can only try a case on trial, and the jury will not regard that part of the statement. You cannot try this defendant on any other charge or crime than the one mentioned in the indictment, and you have no right to say to the jury that this is not the only crime that he has committed." The district attorney further said : "I think the evidence will show that the relations of the parties are such that this defendant has been with them always, and that he has had an opportunity of committing these crimes." An objection to such remark having been made, the court said : "That is not a proper statement, and the jury will not consider it." Continuing his opening address, the district attorney further remarked "that the connections of

the parties were not what they should have been." An objection to such statement having been overruled, the defendant excepted. The district attorney, in his closing argument, in referring to the prosecutrix and the crime alleged to have been committed by the defendant, said, "If she had fought from the time this was first done, she would have been fighting from the cradle until now." The defendant having objected to this language, the court said, "That remark is not proper, and the jury will not consider it." Thereafter the district attorney, in replying to the argument of defendant's counsel that it was unreasonable that the crime should have been committed in the presence of others, said, "Criminals become hardened by repeated crimes of the same character, and they become more open, until finally they become so bold that the law reaches out and gathers them in." An objection to this remark having been overruled, the court said to the district attorney, "You will keep within the record," and to defendant's counsel, "You will refrain from captious interruptions," to which ruling an exception was reserved. It is argued that, notwithstanding the court's disapproval, the district attorney persisted in reiterating the charge, in substance, that defendant had frequently committed the crime with the prosecutrix for which he was being tried, and by this means enkindled in the minds of the jurors a prejudice which was not extinguished by the court's remarks, and that, no instruction having been given upon the subject, the misconduct of the district attorney was prejudicial to the defendant; that this prejudice was increased by the court's remark to defendant's counsel, admonishing him to "refrain from captious interruptions," when he appealed to the court for the protection of his client against such unwarranted remarks by the district at-

35 OR.—32.

torney. Judgments are reversed for errors committed by the trial court which are prejudicial to the party affected thereby, and when a prosecuting attorney, against the objection of a defendant in a criminal action, purposely reiterates a charge which is not supported by the evidence, the court's failure, upon request, to instruct the jury to disregard the remark, makes such misconduct the act of the court. It will be remembered that the court told the jury in each instance, except as hereinafter stated, to disregard the statement of the district attorney. It was not requested to instruct the jury in relation to the conduct of that officer, and, in the absence of such request, we think the court's admonition to the jury sufficient. The language used by the district attorney in his opening statement and in his closing argument, to which the court refused to sustain an objection, were legitimate deductions from the evidence, according to his theory of the case, and no error was committed in this respect. Having discovered no error prejudicial to the defendant, it follows that the judgment is affirmed.    .    Affirmed.

---

Decided 10 July, 1899.