Argued January 9, reversed January 16, 1917.

## PAABO *v.* HANSON.

(162 Pac. 256.)

**Judgment—Setting Aside—Call of Causes—Notice.**

1. Since Section 2804, L. O. L., as amended in 1911 (Laws 1911, p. 440), provides that there shall be two terms of the Circuit Court in Lincoln County, one beginning on the first Monday in August, counsel employed in a case in such county is chargeable with notice of such legislation, and the fact that the Circuit Court in his own county was not in session did not justify his assuming that a case on the docket in Lincoln County would not be heard at the August term.

**Judgment—Setting Aside—Grounds.**

2. Where the judgment appealed from was obtained *ex parte* after notice that the other party could not appear for sufficient reasons, it will be reversed on terms, under Section 103, L. O. L., providing that the court may, in its discretion, relieve a party from a judgment by surprise or excusable neglect.

From Lincoln: JAMES W. HAMILTON, Judge.

Department 1.   Statement by MR. JUSTICE Mc-
CAMANT.

This is an action brought in the Circuit Court for
Lincoln County by Madis Paabo against Anto H. Han-
son to recover damages for an alleged malicious
prosecution.

The record shows that on the twenty-eighth day of
August, 1914, the defendant swore to a complaint in
the Justice Court for Rose Lodge Precinct, Lincoln
County, charging plaintiff with the offense of malici-
ous mischief.   The prosecution having terminated in
an acquittal, plaintiff brought this action on the fourth
day of November, 1914, charging that the prosecution
was malicious and without probable cause, and claim-
ing damages in the sum of $1,600.   The summons was
served on the seventh day of January, 1915.

The defendant retained Mr. Allan R. Joy, of Port-
land, to represent him, and through Mr. Joy
demurred to the complaint.   This demurrer was over-
ruled, and on the third day of February, 1915, an
answer was filed.

On the thirty-first day of July, 1915, plaintiff filed
his reply, a copy being sent to Mr. Joy by mail.   In
the meantime the clerk of the Circuit Court for Lin-
coln County had telegraphed Mr. Joy on the thirtieth
day of July that the case had been set for trial for
August 2d.   At this time Mr. Joy was away from
Portland on his vacation, and his office was in charge
of Miss Nellie M. Todd, his stenographer.   She re-
plied to the message by letter, advising the clerk that
Mr. Joy was out of the city, and distant 14 miles from
the nearest postoffice.   She stated that the defendant

was not aware that the case was to be tried at that time, and asked the clerk to explain the matter to the court and have the case put over until the return of Mr. Joy. Miss Todd also endeavored to communicate with the defendant. Notwithstanding the request so transmitted, the case was called for trial on the third day of August. In the absence of defendant and his counsel a jury was impaneled, the cause was tried, and a verdict returned for plaintiff in the sum of $250. Judgment was entered on this verdict. On the thirteenth day of September, 1915, the defendant filed a motion supported by affidavits, asking for the vacation of the judgment and offering to submit to any terms which the court might impose. The supporting affidavits set up the correspondence above referred to and some additional telegraphic correspondence, which passed between Mr. Joy and the clerk on the former's return to Portland. The affidavits further alleged that the courts of Multnomah County were not sitting at the time, and that it was therefore regarded as a vacation period by the bar of that county; that Mr. Joy had not expected to try the case before September 1st; that defendant had a meritorious defense; that his witnesses were scattered throughout Lincoln County, and resided from 30 to 40 miles from the county seat; that the defendant required at least a week or ten days' notice of the trial in order to secure their attendance. The affidavit of Mr. Joy closed with this paragraph:

"Affiant further says that since the first day of February, 1915, defendant has been constantly employed by the State of Oregon as night watchman in the Oregon Building at the Pacific Panama International Exposition at San Francisco in the State of California, and is now so employed, and that such

employment has at all times since February 1, 1915, been well known to and understood by Madis Paabo, the above-named plaintiff.''

No counter-affidavits were filed, but the lower court held the showing insufficient, and refused to relieve defendant from the judgment. From this order an appeal is prosecuted.                    REVERSED.

For appellant there was a brief over the names of *Mr. Allan R. Joy* and *Messrs. Logan & Smith,* with an oral argument by *Mr. Joy.*

For respondent there was a brief over the names of *Mr. W. E. Gwynn* and *Messrs. Smith & Shields,* with an oral argument by *Mr. Guy O. Smith.*

MR. JUSTICE MCCAMANT delivered the opinion of the court.

1. It is provided by Section 2804, Lord's Oregon Laws, as amended in 1911, that there shall be two terms of the Circuit Court held in Lincoln County each year, and that one of them shall be held on the first Monday in August. In the year 1915, this day fell on the 2d of August. Counsel for appellant was chargeable with notice of this legislation. The fact that the Circuit Court of Multnomah County was not in session at this time did not justify him in assuming that this case would not be heard in Lincoln County at the August term provided for by law.

2. On the other hand, this case bears the earmarks of an attempt on the part of respondent to take improper advantage of appellant by forcing the case on for trial at a time when he knew appellant could not be present, and when it was impossible for appellant to secure the attendance of his witnesses. It seems

that these parties are neighbors, residing in Rose Lodge Precinct in Lincoln County. The neighborhood is remote from any railroad, and inaccessible from the county seat. It appears by the uncontroverted showing made by appellant that he left his home on or before the first day of February, 1915, and from and after that date was continuously employed as night watchman in the Oregon Building at the San Francisco fair, and that these facts were well known to respondent. Respondent withheld the filing of his reply until the thirty-first day of July, which was the last business day before the opening of the August term of court. On the thirtieth day of July respondent began to press the case for trial. Even if Mr. Joy had been in his office and had promptly telegraphed to appellant on receipt of word from the clerk of the court, appellant could barely have reached Toledo in time for the trial, and could not possibly have made the necessary preparation properly to present his case. His witnesses were scattered over Lincoln County, and the inaccessibility of the place where the controversy arose makes plausible the statement in the affidavit of Mr. Joy that appellant would have required a week or ten days to subpoena the witnesses and secure their presence at the trial. Under the circumstances of this case it would have been only a proper courtesy on the part of respondent to have notified appellant, two weeks or more before the beginning of the August term of court, of his intention to press the case on for trial. Such notification was not given. No attention was paid to the request transmitted by Mr. Joy's stenographer that the case might be held in abeyance until Mr. Joy's return to Portland. Respondent must have known that appellant desired to defend the case.

Under these circumstances, we do not think that respondent should be permitted to collect this judgment, based on the verdict of a jury returned after a trial, in which appellant was not heard, either in person or by attorney. We are the more ready to grant relief because appellant was defendant in the lower court: *Higgins* v. *Seaman,* 61 Or. 240, 244 (122 Pac. 40).

The case seems to us to fall within the purview of Section 103, L. O. L., which provides that the court "may, * * in its discretion, and upon such terms as may be just at any time within one year after notice thereof, relieve a party from a judgment * * taken against him through * * mistake, inadvertence, surprise, or excusable neglect."

In his application for relief from the judgment, appellant offers to submit to such terms as the court may impose. We think that terms should be imposed, for appellant's counsel was certainly at fault. The order will therefore be that the judgment be reversed, provided that appellant deposits with the clerk of this court, within 30 days, the costs and disbursements of respondent in the Circuit Court and in this court; in default of such deposit, judgment to be affirmed.

We have examined all the authorities to which our attention has been directed by the parties, but it would serve no good purpose to review them. We think that the conclusions reached are supported by the doctrine of the following cases: *Higgins* v. *Seaman,* 61 Or. 240 (122 Pac. 40); *Anderson* v. *Scotland* (C. C.), 17 Fed. 667; *Virginia Co.* v. *Harris,* 151 Fed. 428 (80 C. C. A. 658).

It is proper to add that by this opinion we make no reflection on the counsel who appears for respondent on the presentation of this appeal. The record shows

that respondent has retained three sets of attorneys in the course of the litigation. REVERSED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE HARRIS concur.

(NOTE.—Within the 30 days appellant complied with the terms imposed by the court.—REPORTER.)