Argued April 9, reversed and remanded June 2, 1925.

## JOHN W. BRATT *v.* STATE INDUSTRIAL ACCIDENT COMMISSION.

(236 Pac. 478.)

**Courts—No Discretion to Dispense With Established Rules.**

1. Court has no discretion to dispense at pleasure with rules established by it, nor to innovate on established practice.

**Master and Servant—Court Erred in Proceeding to Trial on Appeal from Industrial Commission Without Notice.**

2. Circuit Court, under Section 6637, Or. L., as amended by Laws of 1921, page 583, Section 10, erred in proceeding to trial on employee's appeal from award of compensation by Industrial Accident Commission, on assumption that latter was in default in not filing record of proceedings, without causing Commission to be notified by clerk as required by court rule.

---

1. Power of court to disregard rules, see note in 6 **Ann. Cas.** 592, see, also, 7 **R. C. L.** 1027.

2. See 28 **R. C. L.** 827.

Master and Servant—Industrial Accident Commission Held Entitled to have Court's Judgment Set Aside for Want of Notice of Trial.

3. Judgment having been taken in Circuit Court against Industrial Accident Commission on employee's appeal from award, without knowledge of or notice to Commission, its attorney, or Attorney General, as required by court rule, that case had been set for trial, Commission *held* entitled to have judgment set aside under Section 103, Or. L.

Judgment—Discretion to Set Aside Judgment must be Exercised so as to Subserve Ends of Substantial Justice.

4. Circuit Court's discretion, under Section 103, Or. L., to set aside judgment must be exercised in conformity with spirit of law and in manner to subserve, not defeat, ends of substantial justice.

Constitutional Law—One cannot be Deprived of Property or Liberty Without Notice and Opportunity to be Heard.

5. No one can be lawfully deprived of his property or liberty, nor condemned, without previous notice and opportunity to be heard.

Master and Servant—Industrial Commission Held not Required to File Affidavit of Merits to have Court's Judgment Set Aside.

6. Industrial Accident Commission *held* not required to file affidavit of merits to have default judgment against it by Circuit Court, on employee's appeal from award, set aside for want of notice that case was set for trial, where no pleading was filed by claimant; Commission being entitled to presumption, under Section 799, subdivision 15, Or. L., that official duty has been regularly performed.

Master and Servant—Court, Reversing or Modifying Commission's Award, cannot Render Judgment Fixing Compensation.

7. Under Section 6637, Or. L., Circuit Court, on reversing or modifying Industrial Commission's decision, on employee's appeal from award, must remand claim to Commission to fix compensation, and cannot render judgment fixing compensation.

From Klamath: A. L. LEAVITT, Judge.

Department 1.

This is an appeal from the judgment of the Circuit Court of Klamath County, denying the motion of the State Industrial Accident Commission to set aside a judgment of that court rendered and entered

---

4.    See 15 R. C. L. 720.
5.    See 6 R. C. L. 446.
6.    See 22 R. C. L. 472.

on the twenty-fifth day of March, 1924. The claimant, John W. Bratt, Claim No. 163,852, was injured on the twenty-fourth day of August, 1923, while working for his employer in Klamath County, under the protection of the Workmen's Compensation Act. On September 13, 1923, he filed his claim with the State Industrial Accident Commission. January 7, 1924, after an examination, the Commission awarded him $14. January 14, 1924, the claimant appealed to the Circuit Court for Klamath County. February 16, 1924, the case was heard by said Circuit Court. The claimant and his attorney appeared, but no appearance was made by the Commission.

The Commission had no notice of the time set for the trial. The first knowledge the Commission had that the trial had been set and the judgment rendered against it was received from the Court Reporter in a letter in which he informed it that he was transscribing his notes and inquired whether or not the Commission desired a copy of the testimony. Following this notice considerable correspondence was had between the office of the Attorney General and the attorney for claimant. In this correspondence the Attorney General requested that the judgment be set aside and the Industrial Accident Commission given an opportunity to be heard. The claimant responded that the judgment had not been entered, and expressed a willingness to have the Commission adduce its testimony. While these negotiations were pending the claimant caused the judgment appealed from to be entered. Thereafter, and in due season, a motion was made, supported by the affidavits of all members of the Commission, and of James West, then Assistant Attorney General, having immediate charge of all cases of this nature for the Accident

Commission. The motion was denied; hence this appeal. REVERSED AND REMANDED.

For appellant there was a brief over, the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr. Miles H. McKey,* Assistant Attorney General, with an oral argument by *Mr. McKey.*

For respondent there was a brief and oral argument by *Mr. C. F. Stone.*

COSHOW, J.—At the time the claim was pending in the Circuit Court the following rule, made by that court, was in full force and effect:

"RULE 13—Setting Cases for Trial.

"(a) Whenever a case is at issue, the clerk shall immediately notify the court, whereupon the court will, at the next calendar day, call up and set the same for trial at any vacant date on any calendar, endeavoring to suit the convenience of all parties.

"(b) Whenever a case is set the attorneys for each party shall be notified by postal card by the clerk unless they were present at the time of setting the case for trial."

This rule was entirely ignored by the Circuit Court.

1. "Where a Court has established rules for its government and that of suitors, there exists no discretion in the Court to dispense at pleasure with their rules, or to innovate on established practice,—"

*Hughes* v. *Jackson,* 12 Md. 463, cited with approval in *Coyote G. & S. M. Co.* v. *Ruble et al.,* 9 Or. 121, 124; *Schnitzer* v. *Stein,* 96 Or. 343, 346 (189 Pac. 984).

2. No notice whatever was attempted to be given to the Industrial Accident Commission that the case had been set for trial. From an examination of the record

of the trial it is doubtful that the case was ever set. It is apparent from the correspondence between the Attorney General's office and the attorney for the claimant that the latter considered the Industrial Accident Commission in default because they had not filed with the Circuit Court the record of the proceedings before it, as required by Section 6637, Oregon Laws, prior to the amendment of 1921. The attention of the Circuit Court was not directed to that section, as amended in Section 10, Chapter 311, Laws of 1921. Proceeding upon the assumption that the Industrial Accident Commission was in default the Circuit Court clearly erred in a manner affecting the substantial rights of the Commission in proceeding to trial without having caused the notice to be given required by its Rule No. 13.

3, 4. The application to set aside the judgment was made by virtue of Section 103, Oregon Laws. The record very clearly discloses that the judgment was taken without any knowledge on the part of the Commission that the case had been set for trial or without any notice of any kind, either to the Commission or its attorney, the Attorney General of the state. Neither the Commission nor the Attorney General was negligent in any respect. They were totally surprised by the trial and the judgment entered thereon without being in any manner in default. It would seem to be a clear case where the Commission was entitled to the benefit of Section 103, Oregon Laws: *Paabe* v. *Hanson,* 82 Or. 512 (162 Pac. 256); *Higgins* v. *Seaman,* 61 Or. 240 (122 Pac. 40). The discretion granted the Circuit Court in Section 103, Oregon Laws, is

"a legal discretion to be exercised in conformity with the spirit of the law, and in a manner to sub-

serve and not to defeat the ends of substantial justice." *Thompson* v. *Connell*, 31 Or. 231, 235 (48 Pac. 467, 65 Am. St. Rep. 818).

5. Notice is elemental and fundamental in our system of jurisprudence. No person can be lawfully deprived of his property or his liberty without notice. He cannot be condemned without previous notice and an opportunity to be heard. This primary and fundamental principle was entirely ignored in this case.

6. The claimant contends that before the court would be justified in setting aside the judgment the Industrial Accident Commission should have been required to file an affidavit of merit. That is the practice in many jurisdictions in this country. The uniform practice in this state has been to tender an answer showing a meritorious defense, with an affi-. davit setting out facts intended to show that the default was not due to willful neglect but was the result of the surprise, inadvertence, or excusable neglect. In this case there was neither inadvertence nor neglect on the part of the Industrial Accident Commission or its attorney. The affidavits accompanying the motion clearly disclose that the Industrial Accident Commission had examined and inquired into the claim of the claimant and had made its award thereon. The Industrial Accident Commission is entitled to the presumption of the law that official duty has been regularly performed: Section 799, Or. L., subd. 15; *Re Application of Riggs et al.*, 105 Or. 531 (207 Pac. 175, 210 Pac. 217). It appears that no pleading was filed by the claimant. There was no opportunity, therefore, for the Industrial Accident Commission to file an answer. In the state of the appeal to the Circuit Court at the time of the trial

there was no movement required of the Industrial Accident Commission.

7. The judgment entered by the Circuit Court is not authorized by statute. That judgment undertook to fix the compensation to which the claimant was entitled: Section 6637, Oregon Laws.

"In case of a modification or reversal, the Circuit Court shall refer the same back to the Commission with an Order directing it to fix the compensation in accordance with the findings made by the Court."

In case, therefore, the decision of the Commission should be reversed or modified by the findings of the Circuit Court, the claim must be remanded to the Commission with an order directing it to fix the compensation: *Meaney* v. *State Industrial Acc. Com.,* 113 Or. 371 (232 Pac. 789).

For these reasons this case is reversed and the judgment of the Circuit Court set aside and a new trial granted.	REVERSED AND REMANDED.

McBRIDE, C. J., and BURNETT and RAND, JJ., concur.