Argued October 7, reversed and remanded October 30, 1959

# KENNEDY *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

345 P. 2d 801

*Thomas C. Enright,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Robert Y. Thornton, Attorney General, and Owen E. McAdams, Jr., and Ray H. Lafky, Assistant Attorneys General, Salem.

*Berkeley Lent* argued the cause for respondent. On the brief were Peterson, Pozzi & Lent and Ralph Bolliger, Portland.

Before McAllister, Chief Justice, and Perry, O'Connell and Redding, Justices.

REDDING, J. (Pro Tempore)

This is an appeal by the State Industrial Accident Commission from a judgment based upon a jury verdict, awarding the plaintiff permanent partial disability equivalent to .65% loss of function of an arm for an unscheduled back injury.

This case grows out of an accident which occurred on August 29, 1955, while the plaintiff was employed subject to the provisions of the Workmen's Compensation Law. An accident claim was filed on Septem-

ber 8, 1955, which claim was accepted and plaintiff was paid for temporary total disability and the claim first closed on January 11, 1956, with no permanent disability award. The claim was reopened on the commission's own motion on September 21, 1956, treatment furnished, and temporary total disability payments made, and the claim was again closed on September 9, 1957, with a permanent partial disability award to the plaintiff equivalent to 30% loss of function of an arm for an unscheduled back disability. Plaintiff filed a claim for aggravation on December 23, 1957, and on January 16, 1958, the claim was again reopened and plaintiff's permanent partial disability award increased to 50% loss of function of an arm and the claim closed. Plaintiff filed a petition for rehearing and upon the denial thereof appealed to the circuit court. The jury by its verdict found that the plaintiff was entitled to an award of compensation for permanent partial disability equal to 65% loss of function of an arm for the unscheduled back disability.

The commission raises but two questions on this appeal. The first of these is raised under assignment of error number II, in which it is asserted the court erred in giving the following instruction:

"In this case you heard testimony from a medical witness or commonly called an expert witness, and an expert witness is allowed to give his opinion where other witnesses are not. Now, you are instructed that such opinion evidence is to be viewed and weighed by you with caution and you are not bound by the opinion of any expert witness but you are to give expert witness opinion such weight as you find it deserves along with all of the other evidence in the case."

Paragraph (9) of ORS 41.900 provides that opinion evidence may be given in the following instances:

> "The opinion of a witness respecting the identity or handwriting of a person, when he has knowledge of the person or handwriting; his opinion on a question of science, art, or trade, when he is skilled therein."

California Jury Instructions—Civil, Vol 1, p 89, gives the following as an approved instruction on opinion evidence by expert witnesses:

> "The rules of evidence ordinarily do not permit the opinion of a witness to be received as evidence. An exception to this rule exists in the case of expert witnesses. A person who by education, study and experience has become an expert in any art, science or profession, and who is called as a witness, may give his opinion as to any such matter in which he is versed and which is material to the case. You should consider such expert opinion and should weigh the reasons, if any, given for it. (You are not bound, however, by such an opinion. Give it the weight to which you deem it entitled, whether that be great or slight, and you may reject it, if in your judgment the reasons given for it are unsound.)"

*Risley v. Lenwell,* 129 Cal App2d 608, 277 P2d 897; *Lemere v. Safeway Stores, Inc.,* 102 Cal App2d 712, 726, 228 P2d 296, 305. Instructions of similar import but in somewhat different language have been approved in the following cases: *Mid-Continent Pipe Line Co. v. Price,* 203 Okla 626, 225 P2d 176; and *Anderson v. Eggert,* 234 Wis 348, 391 NW 365.

No authority is cited, however, and research fails to furnish any, whether from jurisdictions such as California, where the court is permitted to comment on the evidence, or otherwise, for a trial court to instruct a jury, as was done here, that opinion evidence

given by a doctor of medicine: "* * * is to be viewed and weighed by you with caution * * *."

In *Wilson v. State Ind. Acc. Com.,* 189 Or 114, 219 P2d 138, the trial judge instructed the jury:

"* * * that the testimony of experts is to be received and considered with narrow scrutiny and with much caution."

This court, speaking through Mr. Justice LATOURETTE, held:

"* * * Had defendant in this case excepted to such instruction on the ground that the court was invading the province of the jury, since the credibility of witnesses is exclusively a jury question such an exception would have been well taken. The trial court has no business commenting on the evidence, and we disapprove of such practices; * * *."

In *Langford v. Jones,* 18 Or 307, 22 P 1064, a malpractice case, the trial court, in referring to the testimony of physicians, surgeons and nurses, instructed the jury: "* * * such evidence, however, is to be received with caution * * *." In passing upon such instruction, this court said:

"* * * If the court had instructed the jury not to consider the opinions of the medical experts as evidence, unless they found that the facts upon which the opinions were predicated existed as assumed, it would have been highly proper; but instructing them that such evidence was to be received with caution * * * was misleading. I think that character of evidence stands upon the same footing as any other."

■ The instruction of the court in the instant case, in so far as it advised the jury that opinion evidence given by a doctor of medicine "* * * is to be viewed

and weighed by you with caution * * *," is clearly erroneous and constitutes reversible error.

The second point raised by the defendant has to do with the court's refusal to grant defendant leave to file an amended answer and will arise upon another trial and should therefore receive our consideration. Immediately prior to the start of the trial and again at the conclusion of the taking of evidence, the defendant moved to amend its answer by adding a further and separate answer consisting of the following two paragraphs:

"Paragraph numbered I reads:

"That on or about January 16, 1958, the defendant commission entered an order granting the plaintiff a permanent partial disability award of 50% loss of function of an arm for unscheduled disability.

"Paragraph numbered II reads:

"That since said award was made to the plaintiff for his permanent partial disability the physical condition has improved, so that the plaintiff no longer has a permanent partial disability equal to 50% loss of function of an arm for his unscheduled disability directly and proximately resulting from his injury of August 29, 1955."

■ The allowance of the amendment sought by the commission would have permitted the jury to reduce the award which the commission made in its order from which the plaintiff appealed. It will be unnecessary to consider here or discuss further defendant's contention that the court abused its discretion in denying the commission leave to file an amended answer, because we think that it would have been error for the trial court to allow such amendment

under the provisions of our Workmen's Compensation Law. ORS 656.278 provides:

"(1) The power and jurisdiction of the commission shall be continuing, and it may, upon its own motion, from time to time modify, change or terminate its former findings, orders or awards if in its opinion such action is justified.

"(2) There is no right of appeal from any order or award made by the commission on its own motion. *An appeal may be taken from any order of the commission which diminishes or terminates a former award,* \* \* \*." (Emphasis supplied.)

It will be noted that paragraph (1) of the above statute gives the commission the right upon its own motion to modify, change or terminate its former awards at any time. However, paragraph (2) of said statute gives to an injured workman the right to appeal from any such order of the commission which diminishes or terminates a final award. ORS 656.284 specifies the following procedure in taking such an appeal:

"(1) Any claimant aggrieved by any order, decision or award under ORS 656.282, including, but not limited to, a denial of further medical or hospital care, must, before he appeals to the courts, file with the commission an application for rehearing within 60 days from the day on which the copy of such order, decision or award was mailed to the claimant.

"(2) The application shall set forth in full detail the grounds upon which the claimant considers such order, decision or award is unjust or unlawful, and shall include every issue to be considered by the commission. The application must contain a general statement of the facts upon which the claimant relies in support thereof.
"\* \* \* \* \*

"(4) If the commission, in its opinion, has previously fully considered all matters raised by the application it may deny the application and confirm its previous decision or award or, if the evidence on file with the commission sustains the applicant's contention, it may allow the relief asked in the application. Otherwise it shall order a rehearing to decide the issues raised."

It will be observed that an injured workman aggrieved by any order of the commission diminishing a prior final award before appealing therefrom is required by statute to petition the commission for a rehearing setting forth in detail the grounds upon which he considers such order unjust or unlawful. Had the commission, prior to the circuit court trial of the within case, seen fit on its own motion to enter an order diminishing plaintiff's award, we have no way of knowing what the final decision of the commission would have been on a petition for a rehearing therefrom. The only basis assigned by counsel for the defendant commission in requesting leave to amend is that in the preparation of their case for trial in the circuit court they found that they had available a doctor whose testimony would fix the claimant's disability at 30% loss of function of an arm, or less. While counsel saw fit to move to amend upon discovering the availability of such medical testimony, the record fails to disclose that the commission, upon learning of such evidence, took any action whatever thereon. Indeed, it is entirely possible that the evidence on file with the commission which was the basis of its order fixing the plaintiff's disability at 50% loss of function of an arm so contradicted the available testimony of such doctor as to persuade the commission to permit the award to stand, despite such testimony.

■ Certainly upon a petition for a rehearing from an order of the commission diminishing its prior final award the commission would not be bound to act solely upon and in strict conformity with the testimony of such witness, to the exclusion of all other evidence before it. The petition for rehearing which the claimant under the law was privileged to file may well have embodied matters therein which when considered in conjunction with the evidence on file with the commission would have persuaded the commission, in the performance of its official duty, either to grant the petition for rehearing or to restore plaintiff's award.

Many decisions of this court have recognized that administrative action in a wide variety of cases has been presumed by the court to have been properly performed. *Inland Nav. Co. v. Chambers et al.*, 202 Or 339, 361, 274 P2d 104; *Brazeale v. State Ind. Acc. Com.*, 190 Or 565, 227 P2d 804; *Pacific Tel. & Tel. Co. v. Wallace*, 158 Or 210, 226, 227, 75 P2d 942; *Umpqua B. Exch. v. Um-qua V. B. Growers*, 117 Or 678, 245 P 324; *Bratt v. State Industrial Acc. Com.*, 114 Or 644, 236 P 478; *Yeaton v. Barnhart*, 78 Or 249, 150 P 742, 152 P 1192; *State ex rel. v. Olcott*, 67 Or 214, 135 P 95, 135 P 902; *State ex rel. v. Port of Tillamook*, 62 Or 332, 328, 124 P 637; *State of Oregon v. Sengstacken*, 61 Or 455, 122 P 292.

In the recent case of *Inland Nav. Co. v. Chambers et al.*, supra, this court, in considering an appeal from an order of the tax commission to the circuit court and thence to the Supreme Court, had this to say:

"* * * The law presumes that the commission faithfully performed its duties. One who wishes to challenge an order entered by the commission has the burden of proof and he must come forward with persuasive evidence in support of his claim of error."

By the amendment which it seeks, the commission, in effect, says that it desires to challenge its own order and is prepared to come forward with persuasive evidence in support of its claim of error. Such a position appears untenable to us.

■ Until the commission on its own motion diminishes an award made by it, such an award is presumed to be correct, and the mere subsequent discovery of evidence which would tend to support a diminution of such award cannot justify submitting to a jury, directly and in the first instance, the question of reducing it, thereby circumventing the administrative procedure prescribed by statute.

The commission urges that the procedure which it here suggests of permitting a jury directly and in the first instance to diminsh the final awards of the commission cannot prejudice the rights of an injured workman. This contention necessarily rests upon the premise that a jury award would never be less than the award the commission would make on a petition for rehearing after a full consideration in the manner prescribed by statute. This premise is fallacious. Whereas, on appeal jury awards in many cases do exceed the awards made by the commission, this fails to demonstrate that all awards which the commission might make upon rehearing would necessarily be less than the amount a jury would allow.

Under our statute an injured workman is entitled as a minimum to the final award made by the commission, which is presumed to be correct, unless and until modified or terminated by the commission in the manner prescribed by statute. This, we feel, is so even though it be conceded that a jury of laymen, having normally no experience in the difficult process

of determining the extent of disability, particularly in cases involving unscheduled injuries, might in some cases diminish the award made by an experienced commission.

The judgment for plaintiff is reversed and the case is remanded for a new trial.