## FREMONT LODGE NO. 11, I. O. O. F. v. THOMPSON.

(No. 816; Decided February 5th, 1916; 154 Pac. 600.)

APPEAL AND ERROR—EXTENSION OF TIME FOR APPEAL—PETITION IN ERROR—JURISDICTION—TIME LIMIT FOR APPEAL—DISMISSAL.

1. An extension of time for instituting proceedings in error granted by the trial court on the application of plaintiff in error made after the expiration of one year from the rendition of judgment did not revive the right of appeal which had been lost by failure to apply for an extension of time before the expiration of one year after final judgment, as required by Section 5122, Comp. Stats. 1910.

2. Proceedings in error commenced within an extension period granted and fixed by the trial court at a time more than one year after rendition of judgment will be dismissed by the appellate court for want of jurisdiction.

ERROR to District Court, Fremont County; HON CHARLES E. WINTER, Judge.

Action between Fremont Lodge No. 11 of the Independent Order of Odd Fellows, a corporation, and Fred L. Thomp-

son, as County Treasurer and Ex-officio Collector of Taxes in and for Fremont County, Wyoming. From a judgment for the latter, the former brings error. Considered and decided on questions of jurisdiction and power of the appellate court to review the proceedings.

*E. H. Fourt,* for plaintiff in error, and *L. E. Winslow,* for defendant in error, filed briefs for the respective parties on the merits. The cause was disposed of on jurisdictional questions and not considered on the merits.

BEARD, JUSTICE.

The judgment of the district court which it is sought to reverse by this proceeding in error became final June 14, 1913. The petition in error was filed in this court October 7, 1914. The statute, Section 5122, Comp. Stat. 1910, is as follows: "No proceeding to reverse, vacate, or modify a judgment or final order shall be commenced unless within one year after the rendition of the judgment, or the making of the final order complained of; * * * Provided, however, that the court rendering such judgment or making such final order upon application of the party desiring to institute such proceeding and upon making to said court a sufficient showing that said party will be unavoidably prevented from instituting such proceeding within said time, shall, by an order duly entered of record, give to said party a reasonable extension of time, not exceeding eighteen months, within which to institute such proceedings."

It is perfectly clear that the proceedings in error in this case were not commenced in time unless they come within the provision for an extension of time beyond the year. It appears from the record that on September 29, 1914, on the application of plaintiff in error, the judge of said court, at chambers, made an order extending the time for instituting such proceedings until November 14, 1914. That order was made long after the year allowed for commencing proceedings in error had expired, and unless it had the

effect of reviving such right, this proceeding was not in-
stituted in time, and this court is without jurisdiction.   In
Casteel v. State, 9 Wyo. 267, (62 Pac. 348) this court con-
strued a similar provision with reference to extending the
time for filing a motion for a new trial.  That statute (Sec.
5416, R. S., now Sec. 6278, Comp. Stat. 1910), provided:
"An application for a new trial shall be by motion upon
written grounds, which shall be filed at the term the verdict
is rendered, and   *   *   *   *   *   shall be filed within
three (now ten) days after the verdict was rendered, un-
less additional time be granted by the court upon good
cause shown." Mr. Justice Corn, in delivering the opinion
of the court said: "The statute requires that the motion
shall be filed within three days after the verdict was ren-
dered.  This court has no power or authority to disregard
or set aside this provision.  It is mandatory and binding
upon us, and no authority is lodged in this court to change
or modify its requirements.  The exceptions to its opera-
tion are clearly set out in the statute itself, and ample
provision is also made for obtaining additional time in
cases where a proper showing is made to bring to the
knowledge of the district court that additional time is
necessary.  Where a defendant has suffered the time to
elapse without any application to the court for additional
time, his right is lost, and it is not in the power of this
court or the district court to restore it in the face of the
statute.   *   *   *   *   *   The utmost that can be inferred
from the record is that after the expiration of the time,
and when the defendant's right was barred by the statute,
application was made to the court to permit the filing of the
motion in disregard and in violation of the statute.  This
the court had no power to do.  The right of the defendant
was lost by operation of law, and the court had no power
to restore it." In that case the party had but three days
within which to file his motion or to apply for an extension
of time, while in this case the plaintiff in error had an en-
tire year within which to commence his proceeding or to
apply for more time.  It did neither until more than three

months after its right was barred by the statute. The right was lost and could not be restored by a subsequent order of the court or judge. In Caldwell v. State, 12 Wyo. 206 (74 Pac. 496) this court said: "The law is well settled that, while an appeal may be a matter of right under the statute, yet the right given by the statute must be excercised under its provisions, and the essential acts required to effect an appeal must be performed within the time prescribed." And in King v. Penn, 43 O. St. 57 (N. E. 84) it is said: "That the commencement of a proceeding in error within the time prescribed by law is essential to clothe the reviewing court with jurisdiction to hear and determine it is too well settled to justify further discussion, (citing cases). It follows that the parties may not by private agreement or consent, nor by voluntary appearance, confer upon this court power to hear and determine a proceeding in error commenced after the time expressly limited therefor."

While the right exists, the statute authorizes the district court to extend the time within which it may be exercised; but when the right is lost by operation of law, there is no power vested in the court to restore it. The right to bring proceedings in error having expired on June 14, 1914, the order of September 29, 1914, did not restore that right. The proceedings not having been brought within the time allowed by law, this court is without jurisdiction, and, therefore, the proceedings in error are dismissed by the court on its own motion.                    *Dismissed.*

Potter, C. J., and Scott, J., concur.