On motion to dismiss appeal and affirm judgment submitted at
Pendleton March 3, motion denied on condition April 7,
second motion to dismiss appeal submitted May 12, appeal
dismissed June 16, rehearing denied September 8, 1925.

# F. C. OXMAN AND C. A. HARRINGTON *v.* BAKER COUNTY.

### (234 Pac. 799; 236 Pac. 1040.)

**Appeal and Error—That Appeal Bond Erroneously Stated Plaintiff
Appealed Instead of Defendant Held not Ground for Dismissal.**

1. Appeal bond, erroneously stating that "plaintiff" appeals
when defendant was appellant, *held* not so defective as to warrant
dismissal of appeal, in view of Section 550, subdivision 4, Or. L.,
authorizing filing of perfect undertaking.

**Courts—Commencement of Term in One County not Automatic
Termination of Term in Another County in Same Judicial
District Having Same Judge.**

2. Commencement of term of court in one county *held* not au-
tomatically to terminate term in another county, though both
counties were in same judicial district, and though same judge
presided over court in both counties.

**Appeal and Error—Assignment of Judgment Prior to Appeal, but
Merely as Security, is not Ground for Dismissal.**

3. Assignment of judgment prior to appeal *held* not ground for
dismissal, where assignment was merely for security.

**Judgment—Signature of Judge to Order for Judgment not Necessary.**

4. Signature of judge to order for judgment is unnecessary,
under Section 201, Or. L.

**Appeal and Error—Order Extending Time for Filing of Motion for
New Trial Does not Suspend Judgment.**

5. Order allowing extended time for filing of motion for new
trial does not in itself suspend judgment, and, notwithstanding such
order, it is duty of litigant against whom judgment has been taken
either to cause motion for new trial to be filed and heard within
sixty days or avail himself within that time of privilege of appeal.

**Judgment—Judgment Entered is not Set Aside by Subsequent En-
try During Same Term of Order, Which is but Repetition.**

6. Judgment rendered and entered on date of rendition of ver-
dict, as required by Section 201, Or. L., is not set aside by sub-
sequent entry during same term of order, which is but repetition
of judgment first entered.

---

1. See 2 R. C. L. 116.
3. See 2 R. C. L. 52.
4. See 15 R. C. L. 585.
5. See 2 R. C. L. 104.

**Appeal and Error—That Notice of Appeal Gave Erroneous Date to Judgment Appealed from Held not to Render It Insufficient.**

7. That notice of appeal, filed within sixty days after entry of final judgment, erroneously described judgment appealed from as entered on a day on which order which was mere repetition of judgment previously entered was made, *held* not to render it insufficient.

### ON SECOND MOTION TO DISMISS APPEAL.

**Courts—Court Rules as Binding as Statute Itself Within Scope of Their Authority.**

8. Court rules, within scope of their authority and so far as they do not contravene provisions of Constitution or statutes, have effect of law, and are as binding as statutes.

**Exceptions, Bill of—Court Held Without Authority to Extend Time for Filing Bill of Exceptions After Thirty-day Period Prescribed by Rules of Such Court had Expired.**

9. Where Circuit Court rule required bill of exceptions to be presented within thirty days after entry of judgment unless otherwise ordered, *held*, after such thirty days expired, Circuit Court had no authority to enter *ex parte* order without notice to adverse party extending time, nor could it, without notice, render a second judgment, and by that means fix new date from which to compute thirty days; such second judgment being a mere nullity.

**Appeal and Error—Appeal Dismissed for Failure to File Copy of Judgment Appealed from.**

10. Where only copy of judgment filed was an *ex parte* judgment, which was a mere nullity because entered after true judgment had been rendered, and appellant did not, within thirty days after perfection of appeal, apply to have copy of true judgment supplied, *held* that, notwithstanding Section 555, Or. L., under Section 554, appeal must be dismissed for failure to file copy of judgment appealed from.

---

See (1) 3 **C. J.** 1186, 1190, § 1258; 15 **C. J.** 909.   (2) 4 **C. J.** 271, 281, 282, 289; 15 **C. J.** 888, § 241.   (3) 4 **C. J.** 486.

From Union: J. W. KNOWLES, Judge.

In Banc.

This is a motion to dismiss the appeal herein and affirm the judgment. The motion presents a rather complicated situation, requiring a statement of the matter as it appears of record and in the affidavits filed. It appears from the affidavit accompanying

---

7. See 2 **R. C. L.** 109.
8. Authority of court to enact rules, see note in 41 **Am. St. Rep.** 639. See, also, 7 **R. C. L.** 1027.

the motion, and this portion of the affidavit is not denied, that on the first day of November, 1924, plaintiffs had a verdict on a trial by jury in the Circuit Court of Union County for the sum of $26,000, and that on that date, upon motion of the attorneys for plaintiffs, judgment was duly rendered and entered against defendant for the sum of $26,000, which judgment is as follows:

"Now, on this first day of November, 1924, the above-entitled matter coming duly on to be heard upon motion of plaintiffs, appearing by their attorneys, Nichols, Hallock & Donald, for a judgment against defendant upon the verdict of the jury returned in the above entitled cause, and it appearing to the court that this is an action at law wherein plaintiffs seek to recover from defendant a sum of money on account of services performed by plaintiffs for defendant in connection with the construction of a certain highway in Baker County, Oregon, that issues having been joined under the pleadings in said cause, that a jury having been duly selected, empanelled and sworn on the 23rd day of October, 1924, that said cause having proceeded to trial before said jury, that testimony having been introduced on behalf of the respective parties to this cause, that counsel having argued said cause to said jury, that the court having instructed said jury on the law of the case, and that said cause having been fully submitted, said jury did on the first day of November, 1924, retire for its deliberations on said cause, whereupon and on said last named date the said jury did return to the above entitled court its verdict in words and figures as follows, to-wit: * *

" 'We, the jury in the above entitled action, find for the plaintiffs in the sum of $26,000.00 (Twenty-six Thousand Dollars.)

" 'M. W. HUFFMAN, Foreman.' ,

"And it further appearing to the court that plaintiffs' said motion should be allowed and that the judgment of this court, based upon said verdict,

should be duly made and entered herein, now, therefore, it is

"Considered, Ordered and Adjudged that plaintiffs have and they are hereby given judgment against defendant for the sum of $26,000.00 and for their costs and disbursements taxed and allowed in the sum of $——.

"Circuit Judge."

It further appears that on the said first day of November, 1924, counsel for defendant, Baker County, procured from the court the following order:

"Be it remembered, that at a regular term of the circuit court of the state of Oregon, for the County of Union, begun and held at the court house in the city of La Grande, in said county and state, on Monday, the —— day of ——, A. D. 192—, the same being the first Monday of said month and the time fixed by law for holding a regular term of said court when were present:

"The Honorable J. W. Knowles, Judge Presiding.

"Ed. Wright, District Attorney.

"C. K. McCormick, Clerk.

"Lee Warnick, Sheriff.

"When, on Saturday, the 1st day of November, A. D. 1924, on the —— judicial day of said term, among others the following proceedings were had, to-wit:

"F. C. Oxman and C. A. Harrington, Partners as Oxman and Harrington,

Plaintiffs,

v.

"Baker County,

Defendant.

"This cause coming on upon the motion of the defendant, appearing by its counsel, W. S. Levens, William Smith, for an order of the court allowing the said defendant ninety days within which to file its motion for a new trial herein, and it appearing to the

court that the verdict of the jury has heretofore been duly returned into court, and that an order giving the plaintiffs judgment thereon has been made upon the said verdict, and that the said plaintiffs by their counsel, Messrs. Nichols, Hallock & Donald, now consenting in open court thereto, and it appearing to the court that the said motion is reasonable and that the same should be allowed,

"Therefore it is Considered, Ordered and Adjudged that the defendant Baker County should be and it is hereby allowed a period of ninety days from this date within which to prepare, present and file herein its motion to set aside the said judgment, and for a new trial herein,

"The said motion of defendant was made by the said counsel for defendant this day in open court.

"(Signed)    J. W. KNOWLES,
"Circuit Judge."

It appears that no motion for a new trial was ever filed, but that on the 27th of December, 1924, the defendant applied to the court and caused to be entered the following order, which was entered without notice to the plaintiffs and is, in effect, a duplicate of the original order entered on November 1, 1924, excepting, as will be seen, defendant was given to March 1, 1925, in which to prepare and serve its bill of exceptions:

"Now, on this 27th day of December, 1924, the above entitled matter coming duly on to be heard upon motion of plaintiffs, appearing by their attorneys, Nichols, Hallock & Donald, for a judgment against defendant upon the verdict of the jury returned in the above entitled cause, and it appearing to the court that this is an action at law wherein plaintiffs seek to recover from defendant a sum of money on account of services performed by plaintiffs for defendant in connection with the construction of a certain highway in Baker County, Oregon, that issues having been joined under the pleadings in said cause, that a jury having been duly selected, empan-

elled and sworn on the 23rd day of October, 1924, that said cause having proceeded to trial before said jury, that testimony having been introduced on behalf of the respective parties to this cause, that counsel having argued said cause to said jury, that the court having instructed said jury on the law of the case and that said cause having been fully submitted, said jury did on the first day of November, 1924, retire for its deliberations on said cause, whereupon and on said last named date the said jury did return to the above entitled court its verdict in words and figures as follows, to wit: * *

" 'We, the jury in the above entitled action, find for the plaintiffs in the sum of $26,000.00 (Twenty-six Thousand Dollars.)

" 'M. W. HUFFMAN, Foreman.'

"And it further appearing to the court that plaintiffs' said motion should be allowed and that the judgment of this court, based upon said verdict, should be duly made and entered herein, now, therefore,

"It is Considered, Ordered and Adjudged that plaintiffs have and they are hereby given judgment against defendant for the sum of $26,000.00, and for their costs and disbursements taxed and allowed in the sum of $——, and defendant, Baker County, is hereby given to March 1st, 1925, to prepare and submit its bill of exceptions.

"(Signed)   J. W. KNOWLES,
"Circuit Judge."

Thereafter, and on the thirtieth day of December, 1924, defendant served its notice of appeal, which, omitting the formal parts, is as follows:

"You and each of you will please take notice that the above named defendant, Baker County of the State of Oregon, appeals to the Supreme Court of the State of Oregon from that certain judgment in the sum of twenty-six thousand dollars and costs and disbursements in favor of the said plaintiffs and against this appellant, the said defendant, which said judg-

ment was entered by order of the above entitled court in said cause dated on, to-wit, the 27th day of December, 1924, said judgment being based upon the verdict of the trial jury therein returned into said court upon, to-wit, the 1st day of November, 1924, and that its said appeal is from the said judgment and the whole thereof.''

Thereupon, and on the same date, defendant filed an undertaking on appeal, which is sufficient in form and substance excepting for the statement in the beginning that ''plaintiff'' appeals, but there is sufficient in the body of the undertaking to indicate that the use of the word ''plaintiff'' was a mere clerical error.

The plaintiffs now move to dismiss the appeal upon the ground that the real judgment in this case was the one of November 1, 1924, which is not mentioned in the notice, and that the alleged second judgment of December 27, 1924, is void. The insufficiency of the undertaking, in that the defendant is described in the introductory paragraph as the plaintiff instead of the defendant, is further alleged as a ground for dismissal. Another ground is also mentioned—that the judgment had been assigned to another party prior to the appeal. The existence of the facts in regard to the entry of the judgment is not seriously controverted.                          MOTION DENIED.

For the motion, *Messrs. Nichols, Hallock & Donald.*

*Contra, Mr. Wm. S. Levens* and *Mr. Wm. Smith.*

McBRIDE, C. J.—1. Taking up the grounds assigned in the motion to dismiss in their inverse order, we are of the opinion that the undertaking is possibly sufficient to bind the surety, notwithstanding the

clearly clerical error of describing the defendant as the plaintiff in one portion of the undertaking. While the error in using the term ''plaintiff'' instead of ''defendant'' is apparently merely clerical, and might perhaps be disregarded, yet the respondents are entitled to a perfect undertaking that will not subject them to the possibility of having to go into a court of equity to have the instrument reformed before attemping to recover from the surety. This error, however, does not, in itself, defeat jurisdiction, since by reason of the provision of subdivision 4 of Section 550, Or. L., the appellant may be permitted to file a perfect undertaking when, as appears in this case, appellant has proceeded in good faith. We will permit the appellant to file such undertaking within twenty days from the filing of the decision here, under penalty of a dismissal of the appeal unless the order is complied with.

2. The suggestion that the commencement of a term of court in Wallowa County automatically terminated the term in Union County is unsound. It is true that both counties are in the same judicial district and the same judge is elected to preside over the court in both counties, but outside of this fact, which is not controlling, the court for each county is a distinct tribunal. It is not an uncommon practice for a judge to be called in from another district, and for court to be in session simultaneously in two counties in the same district. We hold that the Circuit Court for Union County began its term on the first Monday in October, 1924, and, in the absence of an order of final adjournment, continued open for the transaction of business until the next regular term, namely, the first Monday in February, 1925.

3. It appearing from the affidavits that the assignment of the judgment was merely for security, this

objection, of itself, would not be sufficient for the dismissal of the appeal, or even sufficient to require substitution.

4. The first objection mentioned, however, is a matter of serious importance. The statute requires a judgment to be entered upon the date of the rendition of a verdict: Section 201, Or. L. This was done. It is objected that this order was not signed by the judge of the court, but the signature of the judge to such an order is not necessary. His duties cease with the allowance of the order; the actual entry of it in the records is a clerical duty of the clerk: 33 C. J. 1213; 15 R. C. L. 585, 586; *Long* v. *Minto,* 81 Or. 281, 285 (158 Pac. 805). On the face of the case here made by the affidavits *pro* and *con* we must assume that the real and original judgment in this case was the judgment of November 1, 1924.

5. It does not appear that this judgment was ever vacated or set aside, nor did the order allowing defendant ninety days in which to file a motion for a new trial in itself suspend the judgment. Notwithstanding such order, it was the duty of the defendant either to cause its motion for a new trial to be filed and heard within the sixty days or avail itself within that time of the privilege of appeal: *Macartney* v. *Shipherd,* 60 Or. 133 (117 Pac. 814, Ann. Cas. 1913D, 1257); *Gearin* v. *Portland Ry. L. & P. Co.,* 62 Or. 162 (124 Pac. 256).

6. The mere repetition of the judgment subsequently, even during the term, did not, of itself, set aside the original judgment rendered and entered at the time the law directed, and such entry, in the absence of an order setting the original judgment aside, is a mere nullity. The notice of appeal was served within sixty days from the date of the rendition of the original judgment. But said original judgment is not described in terms in the notice, but, on the

contrary, the void judgment of the 27th of December, 1924, is described as being the one appealed from.

7. It is not the policy of the courts to seek occasion to dismiss appeals upon merely technical grounds, and while the date of the original judgment is improperly given as the twenty-seventh day of December, 1924, the notice of appeal also states that judgment was based upon "the verdict of the trial jury returned into court on the first day of November, 1924, and this appeal is from said judgment and the whole thereof." The only valid judgment is the judgment of November 1, 1924, and that judgment was based upon the verdict of the jury returned into court on the first day of November, 1924. We think this sufficiently identifies the judgment, and that the plaintiffs were not misled by the misdescription in the notice.

No bill of exceptions has yet been filed in this court, nor has this court granted any extension of time within which to file one. Upon the subject of a timely presentation of such a bill we express no opinion here, as the defendant in any event would have a right to appeal on the question of sufficiency of the pleadings.

The motion is denied, conditioned upon the appellant filing, within twenty days from the date of the handing down of this opinion, a good and sufficient undertaking on appeal, which shall accurately designate the parties. If there is any failure in this respect, or in any other respect, the appeal will be dismissed.                    MOTION DENIED.

ON MOTION TO DISMISS APPEAL.

(236 Pac. 1040.)

APPEAL DISMISSED.

*Messrs. Nichols, Hallock & Donald,* for the motion.

*Mr. W. S. Levens* and *Mr. Wm. Smith, contra.*

BURNETT, J.—Herein is considered a motion by the plaintiff's for an order to strike from the files the defendant's bill of acceptance and other documents filed in this cause or attempted to be filed subsequent to the filing of the original pleadings together with copies of the notice of appeal, undertaking on appeal and judgment, and for an order dismissing the appeal and affirming the judgment of the Circuit Court.

The chronology of events in this case is as follows: The judgment of the Circuit Court from which this appeal was taken was rendered November 1, 1924. On December 27th, following, the Circuit Court made an *ex parte* order without notice to the plaintiffs directing an entry of judgment in the cause identical in terms with the one already entered on November 1st with an addition thereto allowing the defendant until March 1, 1925, in which to prepare and submit its bill of exceptions. On December 30th, the defendant served its notice of appeal and its undertaking on appeal and filed both of them in the Circuit Court with proof of service indorsed thereon. The fifth day after the service of the undertaking on December 30th, was Sunday, January 4, 1925. Hence, there being no objections to the sufficiency of the sureties, the appeal became perfected on January 5,

1925, the next following day. On that basis, thirty days after the perfection of the appeal expired on February 4, 1925, and with it expired the right to file a transcript, "together with a copy of the judgment or decree appealed from, the notice of appeal and proof of service thereof and of the undertaking on appeal," unless it was extended by an order made within that thirty-day period: Or. L., § 554. On January 21, 1925, the defendant caused to be filed in this court a copy of the so-called judgment, rendered December 27, 1924, the notice of appeal, with proof of service indorsed thereon and the undertaking. Thereafter on February 2, 1925, still within the thirty days after the perfection of the appeal, there was filed in this court a bundle of papers in which appear the original pleadings and other documents consisting of the first complaint, the amended complaint and the second amended complaint, the answer and several replies, together with all dilatory motions, summons, various orders of the court and general entries made during the progress of the trial. On February 26th, the Circuit Court granted the application of the defendant which had been served on the day previous to extend the time to March 10th, in which to serve and present a bill of exceptions. On March 4th, the bill was presented to the judge of the Circuit Court for allowance. On April 20th, the bill was settled and signed by the trial judge, and on April 27th, the bill thus settled and signed was lodged with the deputy clerk at Pendleton. But no court or judge at any time has made any order extending the time to file a transcript, whatever may be the papers composing it.

Rightly to determine the motion to strike from the files the bill of exceptions, it is necessary to inspect

the document and to determine whether by reason of inherent defects therein it is proper to be filed. In the certificate of the trial judge appended to and made part of the bill of exceptions in question it is stated that, among others, the following rule of the Circuit Court in which the cause was tried was in force therein at all the times mentioned in the case under consideration:

"Rule 8. Bill of Exceptions. Exceptions taken by parties will be allowed by the court without the judge stating that the same are allowed at the time the exceptions are taken. Parties seeking bills of exceptions must prepare their proposed bill * * and serve a copy of the same upon opposing counsel, and present the original to the Judge within thirty days after the entry of the judgment, unless otherwise ordered, with the acceptance of service or proof of service indorsed thereon; * * ."

In *Bratt* v. *State Industrial Acc. Com.*, 114 Or. 644 (236 Pac. 478), decided June 2, 1925, this court, speaking by Mr. Justice Coshow said:

"Where a court has established rules for its government and that of suitors, there exists no discretion in the court to dispense at pleasure with their rules, or to innovate on established practice, —. *Hughes* v. *Jackson*, 12 Md. 463, cited and approved in *Coyote C. & S. M. Co.* v. *Ruble et al.*, 9 Or. 121, 124; *Schnitzer* v. *Stein*, 96 Or. 343, 346 (189 Pac. 984)."

We have already decided, speaking by Mr. Chief Justice McBride on April 7, 1925, that the only judgment entered in this case by the Circuit Court was that on November 1, 1924, and that what appeared on the record of that court on December 27, "is a mere nullity."

8. Within the scope of their authority and so far as they do not contravene the provisions of the Constitu-

tion or statutes, court rules have the effect of law and are as binding upon courts and suitors as a statute itself.    As said in *Schnitzer* v. *Stein, supra:*

"When courts exercise the power of making rules, whether such power is conferred by statute, or is deemed to exist in the absence of statute, they cannot by a mere rule of court regulate a matter which is already regulated by statute."

There are several cases in which it has been held that no particular time has been established by statute within which a trial judge must settle and sign a bill of exceptions.    Such cases, however, will be found not to involve a standing rule of the trial court.    If the defendant in this case had desired to formulate a bill of exceptions, it was its duty under the rule already quoted to present it to the circuit judge within thirty days after November 1, 1924.    As stated in *Dolan* v. *Boott Cotton Mills*, 185 Mass. 576 (70 N. E. 1025):

"Its intended effect is that on the expiration of the prescribed time the parties shall know definitely whether the decision excepted to stand, or whether it is subject to revision by a higher court."

In *State* v. *Scott*, 113 Mo. 659 (20 S. W. 1076), the court said:

"Under the provisions of section 2168, Rev. St. 1889, a bill of 'exceptions may be written and filed at the time, or during the term of the court, at which it is taken, or within such time thereafter as the court may, by an order entered of record, allow, which may be extended by the court or judge in vacation for good cause shown.' * * In this case, then, on the 22nd day of January, 1892, the trial court granted the defendant 60 days from that date in which to file his bill of exceptions; but the bill was not filed within that time.    This being the case, it was clearly out of the power of the circuit judge on the 7th day of

June, in vacation, to make an order extending the time for filing the bill of exceptions until the 10th of that month. This is not what the statute means. The word 'extended,' as employed in this statute, means 'prolonged'; and of course a prolongation of time cannot occur after the time originally limited has expired. This view of the matter results in holding that there is no bill of exceptions preserved, and, since there is no error in the record proper, the judgment must be affirmed."

It is provided in Massachusetts Revised Laws, Chapter 173, Section 106, that exceptions shall be filed within twenty days after verdict, "unless further time is allowed by the court," and presented immediately to the court. Under such a statute it was held in *Barstow* v. *Marsh,* 4 Gray (Mass.), 165, that:

"A bill of exceptions to the rulings of the court of common pleas cannot be entered in this court unless it was presented to that court at the term at which the trial was had and allowed at the same term, or the case ordered to be continued."

In *Commonwealth* v. *Greenlaw,* 119 Mass. 208, it was said:

"Application for an extension of the time must be made before the time given by the statute has expired. In the present case no exceptions having been presented to the presiding judge, or application made to him for an extension of the time for presenting them until after the final adjournment of the term, he had no authority to allow them without the consent of the adverse party."

Again, in *Conway* v. *Callahan,* 121 Mass. 165, the syllabus reads thus:

"Under the Gen. Sts. c. 115, Sec. 7, if notice of the filing of a bill of exceptions is not given to the adverse party, within three days after verdict, or

within further time allowed by the judge before the expiration of the three days, and that party has not waived such notice, the exceptions will be dismissed.''

We learn from *Fremont Lodge* v. *Thompson,* 24 Wyo. 14 (154 Pac. 600), that in that state an appeal may be taken within one year provided that on proper showing the court may grant ''a reasonable extension of time not exceeding eighteen months in which to institute such proceedings.'' No application for extension was made until after the year had elapsed. the trial court, however, made such an order about three months after the end of the year. The Supreme Court said:

''While the right exists, the statute authorizes the court to extend the time within which it may be exercised; but when the right is lost by operation of law, there is no power vested in the court to restore it.''

As stated in the syllabus of *Tallmadge* v. *Hooper,* 37 Or. 503 (61 Pac. 349, 1127), in construing the expression ''time allowed to file the transcript,'' it was said that the expression means:

''The original thirty days allowed by the statute and any extension thereof that may have been granted; but each extension must be secured before the previous one has expired.''

Likewise, in *State* v. *Morgan,* 65 Or. 314 (132 Pac. 957), it is said:

''After the expiration of the time allowed by the statute for filing copies of the documents required, neither the Circuit Court nor this court has authority to make an order *nunc pro tunc* extending the time, or to change the statute by granting a different right of appeal than as provided for by the statute.''

9. True enough, these precedents are founded on the construction of statutes, but as we have seen, a

standing rule of court has the same effect where not subversive of the statute, as a statute itself. Therefore when the thirty days mentioned by Rule 8 of the Circuit Court expired without any bill of exceptions being presented and likewise without any application being made to the court for an extension of time, it was beyond the power of the Circuit Court thereafter to allow further time in which to present a bill of exceptions. As stated in the bill itself, the order of December 27th, appended to the so-called judgment on that date, was made *ex parte* and without notice to the adverse party. Under the precedents cited it was clearly beyond the power of the court to extend the time in which to file a bill of exceptions. The right to file the same under the rules of court had expired already, at least on the second day of December. As to a bill of exceptions the defendant was already in default and the court had no authority *ex gratia* to then extend the time to March 1st in which to file it. Neither could the court, without notice to the adverse party at least, render a judgment and by that means fix a new date from which should be computed the thirty days. But it is at least the law of the case enunciated by the decision already made herein that the entry on the journal of the Circuit Court on December 27th was "a mere nullity."

The Circuit Court was bound by its own rules which it had made, not only for the government of appellants, but also for the protection of respondents whose rights are equally important with those of their adversary. Under such circumstances it was without power after the expiration of the time prescribed by those rules, arbitrarily and without notice to enlarge the time for filing the bill. In the presence of

such conditions it is inherently void on its face and should be stricken out of the record here.

10. It remains to consider the part of the motion asking this court to dismiss the appeal. We have before us filed by the defendant a certified copy of the notice of appeal which by the opinion of the chief justice already noted, we have determined applies sufficiently to the actual judgment of the court rendered on November 1, 1924. There is also before us an undertaking referable to the same judgment, but the only copy of judgment filed here by the appellant is a copy of what appeared upon the record *ex parte* under date of December 27, 1924, Section 554, Or. L., provides:

"Upon the appeal being perfected, the appellant shall, within thirty days thereafter, file with the clerk of the appellate court a transcript or such an abstract as the law or the rules of the appellate court may require of so much of the record as may be necessary to intelligibly present the question to be decided by the appellate tribunal, together with a copy of the judgment or decree appealed from, the notice of appeal and proof of service thereof, and of the undertaking on appeal; * * and after compliance with the provisions hereof the appellate court shall have jurisdiction of the cause, but not otherwise."

The last clause of this excerpt is mandatory and at least one of the essential elements of conferring jurisdiction on this court is the filing of a copy of the judgment appealed from. Compliance with all the terms of the statute is requisite to confer jurisdiction. The law demands it and will be satisfied with nothing less. It is true that by the second subdivision of Section 554, it is provided that:

"If the transcript or abstract is not filed with the clerk of the appellate court within the time provided,

the appeal shall be deemed abandoned, and the effect thereof terminated, but the trial court or the judge thereof, or the supreme court or a justice thereof, may, upon such terms as may be just, by order enlarge the time for filing the same; but such order shall be made within the time allowed to file transcript, and shall not extend it beyond the term of the appellate court next following the appeal.''

The defendant on April 22, 1925, filed with the clerk at Pendleton a motion for leave to correct the record by withdrawing the certified copy of the judgment of the lower court, being the December judgment, and substituting in lieu thereof the one rendered on November first. As we have seen, the appeal became perfected on January 5, 1925, and if the appellant desired to supply a copy of the true judgment it should have made application within thirty days after the perfection of the appeal so as to bring the case within the restriction of subdivision 2 of Section 554.

Moreover, on the former motion to dismiss, the defendant submitted its case, relying on the December judgment. Such a situation is controlled by the language of this court concluding the opinion on rehearing in *State* v. *Jennings,* 48 Or. 483 (89 Pac. 421):

''It will not be claimed, we think, that where parties have submitted a cause for decision on a record as made up, either of them can, after the decision, cause a new or amended record to be substituted so as to add to or take from the questions presented. 3 Cyc. 144; *Kerley* v. *Vann,* 52 Ala. 7.''

We are not unmindful that Section 555, Or. L., reads thus:

''When it appears by affidavit to the satisfaction of the court that the transcript is incomplete in any

particular substantially affecting the merits of the judgment or decree appealed from, on motion of the respondent the court shall make a rule upon the clerk of the court below, requiring him to certify as to such alleged omission, and if true, to transmit to the appellate court a certified copy of the pleading, entry, order, or other paper omitted in the transcript; or, in such case, the respondent may move to dismiss the appeal, and the court shall allow such motion unless, on the cross-motion of the appellant, it makes a rule upon the clerk concerning such omission, as provided in this section, upon such terms as may be just. At any time before the hearing or trial, the court, on motion of the appellant, may dismiss the appeal; and thereupon the court shall affirm the judgment or decree appealed from, as a matter of course.''

This section was part of the original Civil Code enacted in 1862 and was in force at a time when the transcript as such was exactly defined to be a certified copy of the judgment-roll, which included the summons, the pleadings, journal entries and bill of exceptions, ''together with a copy of the notice of appeal, and any order enlarging the time to file the transcript, and a certificate of the filing of the undertaking, whether by the appellant or respondent, the names of the sureties therein, the amount thereof, if the same is specified, and if given by the appellant, whether the undertaking is given for an appeal only, or a stay of proceedings also.'' Hill's Code, § 541. Section 555 refers by its own terms to papers ''affecting the merits of the judgment,'' evidently meaning those giving the history of the case preceding the judgment from which alone may be discerned the errors to be corrected.

Under this statute the respondent had a right to demand the presence of every such paper constituting

the original judgment-roll. Although the section has never been expressly repealed it must be read in connection with the later legislation now embodied in Section 554, requiring that an order for enlarging the time to file a transcript must be made within the time prescribed by that section, viz., thirty days after the perfection of the appeal. The later section has declared that after compliance with its provisions the ''appellate court shall have jurisdiction of the cause, but not otherwise,'' so that if the appellant would perfect the transcript so as to make it comply with the statute he must move within the time allowed therefor by Section 554, even for the purposes named in the following section. The later legislation controls the former.

The defendant is here lacking one of the essential elements prescribed by the statute for conferring jurisdiction upon this court, namely, a copy of the judgment or decree appealed from, but we cannot reach out and help it into this court where we have no jurisdiction. The result is, that the appeal must be dismissed.

APPEAL DISMISSED. REHEARING DENIED.