Appeal dismissed June 22, rehearing denied July 27, second petition for rehearing denied September 14, second application for reconsideration of petition for rehearing denied October 5, 1926.

## H. W. SITTON, TRUSTEE, *v.* M. L. GOODWIN.

(248 Pac. 163.)

**Courts.**

1. Court rule is binding on court and its suitors.

**Exceptions, Bill of.**

2. In absence of any court rule, time of framing of bill of exceptions is within discretion of court.

**Exceptions, Bill of.**

3. Extension of time for performance of act, such as filing of bill of exceptions, must be made before default of party required to act.

**Exceptions, Bill of—Court Held Unauthorized to Grant Extensions When None was Granted Within Thirty Days After Entry of Judgment.**

4. Under court rule requiring bill of exceptions to be prepared and filed within thirty days after entry of judgment, but authorizing court to grant extension, court *held* unauthorized to grant extensions more than thirty days after entry of judgment, where no extension was granted within that time, and to frame bill of exceptions at least without notice to adverse party.

**Appeal and Error—Abstract, Filed Long After Appeal was Perfected, not Considered, Though So-called Transcript was Filed in Time (§§ 550, 554, 554—1, 555, Or. L.).**

5. Under Sections 550, 554, 554—1, and 555, Or. L., abstract, filed more than thirty days after perfection of appeal without

———

1. Effect of court rule, see note in 41 Am. St. Rep. 643. See, also, 7 R. C. L. 1027.
3. See 2 R. C. L. 145.

order extending time, must be disregarded, though so-called transcript consisting of judgment, notice of appeal, undertaking and order extending time to file transcript was timely filed.

Appeal and Error, 4 C. J., p. 282, n. 16, p. 289, n. 81, p. 411, n. 30, p. 425, n. 84, p. 463, n. 33.
Courts, 15 C. J., p. 909, n. 7.

From Multnomah: T. E. J. DUFFY, Judge.

In Banc.

REHEARING DENIED.

For the motion, *Mr. Lawrence A. McNary* and *Mr. Frank C. Lonergan.*

*Contra, Mr. S. J. Bischoff, Messrs. Platt, Platt, Fales & Smith* and *Mr. George Black, Jr.*

BURNETT, J.—The history of this case is as follows: On June 27, 1925, judgment for recovery of a sum of money was rendered in favor of the plaintiff and against the defendant in the Circuit Court for Multnomah County. At that time the rule of that court respecting the presentation of a bill of exceptions, so far as applicable to the present controversy, reads thus:

"Any party to a civil or criminal action may, within thirty days after the entry of final judgment, or after the granting or refusing of a new trial, if a motion for a new trial is filed, prepare and file a bill of exceptions. It shall not be necessary to enter an order in the journal granting time to file a bill of exceptions, unless the court, by special order, extends or shortens the time within which to file it. * * The court, upon being satisfied that the adverse party or his attorney has had due notice thereof, may, on application of either party, grant an extension of time to file a bill of exceptions, or a statement of objections thereto, or fix a time for the

settlement thereof, but written notice shall not be required.''

The next in order of events was an *ex parte* order made September 2, 1925, by one of the judges of that court, reading as follows:

''This matter coming on to be heard on motion of defendant, by one of his attorneys, for time within which to file his transcript on appeal in the above entitled cause, and the court being fully advised in the premises, it is ordered that defendant have time to and including September 14th, 1925, within which to file his transcript on appeal in the above-entitled cause. Dated September 2nd, 1925.''

Let it be noted that nothing was said in that order about a bill of exceptions. On September 12, 1925, there was filed in this court by the defendant what is termed on its title page a ''transcript,'' consisting of copies of the judgment order rendered June 27, 1925, the notice of appeal with acceptance of service subscribed, the undertaking on appeal with provision for staying execution of the judgment, and a copy of the order of September 2, 1925, above quoted. There are no other papers of the case attached to or made a part of this so-called ''transcript.'' On September 14, 1925, another *ex parte* order was made by one of the judges of the Circuit Court, reading thus:

''Now at this time upon motion of defendant's attorney, it is ordered that the defendant have until October 10th, 1925, in which to file his bill of exceptions and transcript of testimony on appeal of said cause, in the supreme court of the State of Oregon. Dated September 14, 1925.''

On October 9, 1925, also *ex parte,* one of the judges of the court made an order to this effect:

" * * that the time for the filing of a bill of exceptions by the defendant in the above entitled cause be and the same is hereby extended to and including Novmber 1st, 1925. Dated October 9, 1925."

Again, under date of November 2, 1925, a similar direction was made:

" * * that the time for the filing of a bill of exceptions by the defendant in the above entitled cause be and the same is hereby extended to and including November 20th, 1925. Dated November 2, 1925."

On November 20, 1925, by like order, the defendant was given to and including the tenth day of December, 1925, in which to file a bill of exceptions herein. Again, on December 10, 1925, the time for presenting and filing a bill of exceptions was extended to and including December 19, 1925. Finally, on the last-named date, it was ordered:

" * * that the defendant have further time to and including December 30th, 1925, in which to present and file his bill of exceptions herein."

Thus we have but one order, that of September 2, 1925, relating in any way to the filing of the transcript, which order extended the time for that purpose only to September 14, 1925. All other orders relate exclusively to the bill of exceptions, but the series does not begin until September 14, 1925, more than six weeks after the expiration of the time allowed by the rule within which the appellant may present the same.

Over the objections of the plaintiff to the effect that the time in which to present a bill of exceptions for settlement, allowance and filing had expired, that the court was without jurisdiction to settle the same, and that the defendant had delayed the presentation

of the bill, the trial judge settled and signed a bill of exceptions January 9, 1926. On January 12, 1926, the appeal was dismissed in this court on motion of respondent. On January 26, 1926, this order of dismissal was revoked and the appeal reinstated. Lastly, on June 22, 1926, on further motion of the respondent, the bill of exceptions was stricken from the files and the appeal again dismissed. The matter now comes on to be heard on the defendant's petition for rehearing on the last motion to strike from the file the bill of exceptions and to dismiss the appeal.

In Chapter VII of Title II of the Code of Civil Procedure, relating to exceptions, there is no time prescribed within which a bill must be settled. Therefore, it is competent for the Circuit Court in the exercise of the inherent power of courts of record to prescribe rules not contradictory of the statute on such subjects for the transaction of their business. So far, then, as prescribing a time for the filing of a bill of exceptions is concerned, it was competent for the Circuit Court of Multnomah County to promulgate the rule already quoted.

A distinction must be drawn between the settlement of the bill of exceptions which must be had in the Circuit Court and the filing of the record in the Supreme Court. As to the latter, we have recourse to Section 554, Or. L., reading in part:

"Upon the appeal being perfected the appellant shall, within thirty days thereafter, file with the clerk of the appellate court a transcript or such an abstract as the law or the rules of the appellate court may require of so much of the record as may be necessary to intelligibly present the question to be decided by the appellate tribunal, together with a copy of the judgment or decree appealed from, the notice of appeal and proof of service thereof, and of

the undertaking on appeal; * * and after compliance with the provisions hereof the appellate court shall have jurisdiction of the cause, but not otherwise: * *

"2. If the transcript or abstract is not filed with the clerk of the appellate court within the time provided, the appeal shall be deemed abandoned, and the effect thereof terminated, but the trial court or the judge thereof, or the supreme court or a justice thereof, may, upon such terms as may be just, by order enlarge the time for filing the same; but such order shall be made within the time allowed to file transcript, and shall not extend it beyond the term of the appellate court next following the appeal."

Section 554—1, Or. L., provides that:

"When an appeal is perfected the original pleadings and the original bill of exceptions shall be sent by the clerk, or other proper officer of the trial court, to the clerk of the supreme court or appellate court, and shall be a part of the transcript in the supreme court or appellate court so long as it may be needed there, and if the said papers are later required for use in the trial court, said papers shall be returned to the trial court and kept of record therein, the object being to require one original record to answer the purpose in each court, and the supreme court or appellate court is instructed to promulgate the necessary rules for the custody of the original record to accomplish this purpose."

The originals of the notice of appeal and the undertaking on appeal with proof of service of each were filed in the Circuit Court July 30, 1925, both having been served on that day. Hence, the plaintiff had five days thereafter in which to except to the sufficiency of the surety. No such exception appears in the record. Consequently, at the end of that five days, or at least by August 5, 1925, the appeal became perfected under the provisions of Section 550, Or. L.

Normally, operating strictly under the statute, it became the duty of the appellant within thirty days after August 5, 1925, to file with the clerk of the appellate court a transcript or abstract

"of so much of the record as may be necessary to intelligibly present the question to be decided by the appellate tribunal, together with a copy of the judgment or decree appealed from, the notice of appeal and proof of service thereof, and of the undertaking on appeal."

For thirty days after the perfection of the appeal, namely, until and including September 4, 1925, any one of the judges mentioned in Section 554, Or. L., could have made an order extending the time for filing the transcript or abstract in the Supreme Court, because that was within thirty days after the perfection of the appeal. So far, then, as the right to extend the time for filing the transcript or abstract is concerned, the order of September 2, 1925, was timely, and, the so-called transcript, consisting of copies of the judgment order, notice of appeal, undertaking on appeal and the order of September 2d, extending the time, was properly filed on September 12th, so far as mere time is concerned.

It would seem that, having filed in this court on September 12, 1925, what he styles a "transcript," the defendant had exhausted the indulgence granted him by the order of September 2d, extending to the 14th of that month the time "within which to file his transcript on appeal." Not until September 14th do we find in the orders of the Circuit Court anything about a bill of exceptions. On the last named date it was ordered that the defendant have until October 10, 1925, in which to file his bill of exceptions. It would seem that, having operated under the order allowing time to file his transcript in the

Supreme Court, the jurisdiction over the cause was taken away from the Circuit Court and transferred, for the purpose of the statute, to the Supreme Court. It is incongruous to say that thereafter the Circuit Court can proceed to manufacture material which would have been part of the record if made up in time under the law and rules of the court.

Section 555, Or. L., provides that:

"When it appears by affidavit to the satisfaction of the court that the transcript is incomplete in any particular substantially affecting the merits of the judgment or decree appealed from, on motion of the respondent the court shall make a rule upon the clerk of the court below, requiring him to certify as to such alleged omission, and if true, to transmit to the appellate court a certified copy of the pleading, entry, order, or other paper omitted in the transcript; or, in such case, the respondent may move to dismiss the appeal, and the court shall allow such motion unless, on the cross-motion of the appellant, it makes a rule upon the clerk concerning such omission, as provided in this section, upon such terms as may be just. * * "

This statute clearly contemplates that the correction or enlargement of the transcript shall be initiated in this court and that it shall be made up from matter omitted from the transcript. It means that this material must have been in existence in the Circuit Court at the time when the transcript in question was made up. Matter not then in existence could not be "omitted" from the transcript. The statute does not refer to material manufactured after that date.

1, 2. We recur to the rule of the Circuit Court, premising that a rule of court is as binding upon the court and its suitors as the law of the land:

119 Or.—6

*Bratt* v. *State Industrial Acc. Com.,* 114 Or. 644 (236 Pac. 478). As stated, in the absence of any rule of court on the subject of the time in which a bill of exceptions must be presented and settled, the framing of such a bill is within the discretion of the court but the court has a right to set bounds upon the exercise of its discretion as to the presentation of the bill. The rule of the Circuit Court already quoted was not designed to set the matter at large; leaving it solely to the discretion or convenience of the appellant when he should present his bill of exceptions. The evident intention of the rule is to prescribe a time within which to prepare and present the bill. In short, it is a standing order of the court fixing limits on such matters. The respondent has as much right to rely upon that rule as the appellant. It is in the nature of a law which must rest with equal right and obligation upon all parties. With that principle in view, the latter clause of the rule was framed, the condition being that "the court upon being satisfied that the adverse party or his attorney has had due notice thereof," may grant extensions of time. The only qualification on notice is that written notice is not requisite. It is without dispute that all the orders relating to the bill of exceptions were made *ex parte* and without notice to the adverse party. In making *ex parte* orders the judges of the Circuit Court ignored that part of the rule requiring that the judge be satisfied that the opposing party has had "due notice."

3. Under the authority of *Tallmadge* v. *Hooper,* 37 Or. 503 (61 Pac. 349), it is a rule of procedure that when an extension of time within which to perform an act is desired, such extension must be made before the party seeking it is in default. In other

words, there must be no interim between the different periods allowed. They must at least join if not overlap.

4. The last day on which the bill of exceptions properly could be presented to the trial judge under the rule already quoted was July 27, 1925, being thirty days after the rendition of the judgment. If the time was to be extended, the new order should have been made prior to the expiration of the time established by the rule but, as we have seen, no order relating to the bill of exceptions was made until September 14, 1925. Meanwhile, if the rule is to be observed, as it must because it is the law of the court, the self-imposed restriction of the rule had operated upon the court, leaving it without power, at least without notice to the adverse party, to frame a bill of exceptions. A document of the kind framed afterwards over the objection of the opposing party has no place in the record in this court and should be stricken out. What, then, is the situation?

We have before us a "transcript," so called, consisting of the judgment, notice of appeal, undertaking on appeal and order extending the time to file a transcript to September 14, 1925, which "transcript" was filed September 12, 1925. All the other orders of the court relate exclusively to the presentation of the bill of exceptions and do not purport to extend the time of filing the transcript or abstract. There is also in the files of the case a printed "appellant's abstract of record," consisting of a copy of the complaint, the answer, the judgment, the notice of appeal, undertaking on appeal and assignments of error relating to the admission of certain documents in evidence and the direction of a verdict in favor of the plaintiff. But this abstract of record

was filed December 31, 1925, whereas, the appeal
was perfected, as stated, on August 5, 1925, and there
is no order extending the time to file the abstract.
These are the requirements of Section 554, Or. L.,
that within thirty days after the perfection of the
appeal, there must be filed in this court by the ap-
pellant either a transcript or an abstract conforming
to the rules of the court "of so much of the record
as may be necessary to intelligibly present the
question to be decided by the appellate tribunal,"
and not only this much but also "together with a
copy of the judgment or decree appealed from, the
notice of appeal and proof of service thereof, and
of the undertaking on appeal." By the same sec-
tion, in subdivision 2 thereof, the order extending
the time in which this must be done "shall be made
within the time allowed to file transcript, and shall
not extend it beyond the term of the appellate court
next following the appeal."

The copies of the judgment or decree and notice
of appeal with proof of service thereof and the
undertaking on appeal are appendages to the real
transcript or abstract. They are not "a hand to
draw to." Neither can they constitute a nucleus
which may be built up after the jurisdiction has been
transferred to this court, unless there has been an
omission. The correction of this must be satisfied
from legitimate material in existence in the records
of the court at the time the transcript was compiled.

In the case of *Backhaus* v. *Buells,* 43 Or. 558 (72
Pac. 976, 73 Pac. 342), Mr. Justice WOLVERTON re-
viewed the legislation culminating in the sections
of the Code herein referred to, where, after referring
to the former legislation, he said:

" * * In its present or amended form it merely provides that the appellant may file a transcript or such an abstract as the rules of the appellate court may require of so much of the record as may be necessary to present intelligently the questions to be decided. So that the term 'transcript,' as it relates to the appeal, has been given a modified or different signification from that which originally obtained. Instead of being a copy of the judgment roll or final record it is now a certified copy of so much of the record as may be necessary to present intelligently the questions to be decided, which, as well as the abstract, must be accompanied with a copy of the judgment or decree appealed from, notice of appeal, etc. So that section 554 must now be interpreted with a view to its application to the new act relating to the transcript. The transcript and abstract are now, in substance, the same. The former, however, comes under a certificate of the clerk of the court, while the latter is prepared from the record by the party appealing. If a transcript has been adopted for effectuating the appeal, and it appears that it is incomplete in any particular affecting the merits of the judgment or decree appealed from, the respondent may have the motion to dismiss, as employed in the present case. But, if the appellant has brought here such a transcript as is required by the preceding section, nothing more can be exacted of him, and the respondent should supply the missing record, if it is desired to present other questions upon his part in defense of the appeal."

5. Properly, we may conclude, as taught by the above excerpt from *Backhaus* v. *Buells,* that an appellant may prosecute his appeal either with a transcript or an abstract, each of which must contain so much of the record as may be necessary to intelligibly present the question to be decided by the appellate tribunal, and each must be accompanied by the appendages consisting of the copies of judgment,

notice of appeal, and undertaking on appeal. The printed abstract, not having been filed within the time prescribed by the statute, namely, within thirty days after the perfection of the appeal, must be disregarded. We must likewise disregard the bill of exceptions and strike out the same because it was not presented within any time fixed by the rule of the court or within a legally granted extension of time thereof.

This remits us to the only matter properly on file here on the part of the defendant, to wit: copies of the judgment, notice of appeal and undertaking. This does not constitute enough to present any question to be decided by the appellate tribunal, even if we have recourse to the printed abstract which was filed out of time. Expressly Section 554, Or. L., declares that the rule of the section must be complied with as a condition precedent to conferring jurisdiction upon the appellate court "but not otherwise."

The defendant relies upon the case of *Francis* v. *Mutual Life Ins. Co.,* 61 Or. 141 (114 Pac. 921), as governing the subject matter of the present contention. In that the opinion in that case ignores the rights of the respondent to expect and rely upon an observance of the rule of the Circuit Court above quoted, that precedent must yield to the later one of *Oxman* v. *Baker County,* 115 Or. 436 (234 Pac. 799, 236 Pac. 1040), where the subject is more thoroughly considered and the authorities cited.

The conclusion is that this court has no jurisdiction of the attempted appeal except under subdivision 3 of Section 554 that:

"If the appeal be abandoned as provided in subdivision 2 of this section, thereupon the judgment or decree, so far as it is for the recovery of money,

may, by the appellate court, be enforced against the sureties in the undertaking for a stay of proceedings, as if they were parties to such judgment or decree."

In the instant case the "transcript" of the judgment, notice of appeal and undertaking are *apropos* only as data from which this court may determine under the clause of Section 554, just quoted, that the judgment was for the recovery of money, that the undertaking was for a stay of proceedings and that it is proper to enforce the judgment against the surety. Those papers do not intelligibly present, in any sense of the word, any other question for decision here and are not sufficient to confer jurisdiction on this court for any other purpose.

The result is that the petition for rehearing of the motion to dismiss the appeal must be denied. The case is one of an abandoned appeal. Hence, judgment must be entered in favor of the plaintiff and against the defendant and his surety on appeal for the recovery of the amounts named in the judgment below with costs and disbursements in this court.                    REHEARING DENIED.

RAND and COSHOW, JJ., did not participate in this opinion.