Argued September 14; affirmed September 19, 1933

## STATE *v.* RITCHIE

(25 P. (2d) 156)

*W. C. Van Emon,* of Klamath Falls, for appellant.
*T. R. Gillenwaters,* of Klamath Falls, for the state.

■ KELLY, J. There are six assignments of error. In part, the first assignment is based upon the fact that the journal entry which comprises the record of

defendants arraignment, waiver of time to plead and entry of a special plea, contains unfilled spaces for dates and the name of the county wherein the court was held, and is not signed by the judge. This record, however, is supplemented by a transcript of testimony certified by the official court reporter for the 13th judicial district and by subsequent journal entries from which we readily ascertain what proceedings were had and the correct date thereof. Defendant was in no wise prejudiced by the manner in which this journal entry was made. Moreover, it was the act of the clerk and not the court and could have been corrected upon motion.

There is no statute requiring the judge of a circuit court to sign the journal entries of such court. *Long v. Minto,* 81 Or. 281 (158 P. 805); *Oxman et al. v. Baker County,* 115 Or. 436 (234 P. 799, 236 P. 1040). Even in those jurisdictions having statutes requiring such signature, it is generally held that such statutes are directory only. See annotation in 30 A. L. R. 715.

■ The first assignment also urges that "the purported arraignment before the jury is void and constitutes reversible error and a trial so conducted would tend to prejudice the defendant in respect to a substantial right".

The procedure in respect to arraignment varies in different jurisdictions. In Kentucky it appears to be mandatory that the arraignment of defendant be made in the presence of the jury. *Gilbert v. Com.,* 204 Ky. 505 (264 S. W. 1095). In a very old case, the supreme court of Alabama has held that the arraignment should be made before the jury has been sworn to try the case. *The State v. Hughes,* 1 Ala. 655, 657.

In the case at bar, the defendant made no objection to the presence of the jury during his arraignment.

Before the interposition by defendant of his special plea of former jeopardy, defendant's counsel expressly stated to the trial court that he was not insisting upon having the judge excuse the jury. Defendant made no objection to the manner in which said arraignment was made. At that time, the jury had not been examined upon their voir dire. Defendant accepted the jury as drawn without any question or challenge. At the conclusion of the state's case in chief, defendant offered no evidence. We think that he was not prejudiced in any respect by the manner in which the arraignment was made.

■ The second assignment of error is based upon a remark made by the trial judge in the presence of the jury when defendant interposed his special plea by reading it.

We find from the transcript of testimony certified by the official reporter that the following occurred when defendant interposed his special plea.

"(Reporter's note: The defendant appeared in court and was duly arraigned, by reading of the indictment by Mr. H. C. Blackmer.)

Mr. Myers: If the Court please, as I understand it my appointment will handle this case?

The Court: Yes.

Mr. Myers: Mr. Ritchie desires to read a plea of former acquittal.

The Court: You can just hand it to me.

Mr. Myers: I think the law requires it to be read, unless it be considered as read.

The Court: I don't think, as a rule, the defendant is arraigned in the presence of members of the jury that try him.

Mr. Myers: That is true too. Of course, if you want to excuse the jury a moment. That is my under-

standing, Judge: I'm not insisting on it, but I would like the record show he has offered to read it and that the reading has been waived and the pleading filed.

The Court: The record will show that he appeared with it. I do not know;—I believe I will let him read it. I don't see any damage to the prosecution in it. (Defendant read special plea.)

Mr. Myers: And you signed that, did you, Mr. Ritchie?

Mr. Ritchie: Yes.

Mr. Myers: Now we ask, if Your Honor please, that this may be filed also as a part of this.

The Court: It may be filed.

Mr. Myers: We stand mute on the plea, other than that.

The Court: I will enter a plea of not guilty for Mr. Ritchie.

Mr. Myers: Alright''.

It is argued that we should give heed to a stipulation between defendant's counsel and a former deputy district attorney, who participated in the trial of this case in the circuit court, but, when that stipulation was made, the former deputy, who signed it, was not a deputy district attorney and was entirely without authority to bind the state by any such stipulation.

In the light of the record of this case, there is nothing in the remarks of the learned trial judge nor in the trial court's disposition of the plea interposed which in the least prejudiced defendant's cause.

The third assignment is based upon the court's denial of defendant's special plea. This plea was in writing. It appears to have been lost. No attempt has been made by the defendant to procure an order substituting a copy thereof for the original; and, in strictness, defendant is not entitled to have it considered on this appeal. The questions arising from it are so

well settled, however, that we will discuss them in the absence of the required record.

■ It is the contention of defendant that when he was put upon trial before a jury on a former indictment charging the offense here involved jeopardy attached. In that contention defendant is right. If we could stop there, this case would be at an end, but we are told by defendant through the means of the stipulation, above referred to, that the jury in the former case was unable to agree, and, because of its inability to agree, such jury was discharged. Here is where defendant's assignment of error collapses. The effect of discharging a jury because of its inability to agree is to annul the jeopardy which attaches when the trial begins. *State v. Shaffer*, 23 Or. 555 (32 P. 545); *Ex parte Tice*, 32 Or. 179 (49 P. 1038); *State v. Reinhart*, 26 Or. 466 (38 P. 822); *State v. Chandler*, 128 Or. 204 (274 P. 303). See cases cited in 16 C. J., note 22, § 408, p. 254.

In defendant's argument on this assignment of error, we are told that the records of the former case show that an order was made setting aside the indictment therein. This being a case wherein the defendant is charged with the commission of a felony, the dismissal of a former indictment is no bar to another prosecution for the same cause, if the crime charged be a felony. Section 13-1607, Oregon Code 1930.

Assignments four and five are based upon the argument 'that defendant had established former jeopardy and therefore was immune from prosecution herein for any act charged in the former case. These assignments are untenable. They are based upon the introduction of testimony and the refusal of the trial court to direct a verdict of acquittal.

■ The sixth assignment is based upon the failure of the court to give the following instructions requested by defendant:

"You are instructed that this is a criminal case, and before you can convict the defendant the state must prove to your satisfaction and beyond a reasonable doubt every material allegation of the indictment; they must not only prove that the defendant failed to support his minor children as alleged, but they must further prove that it was 'a wilful or negligent failure to provide, and not a mere failure on account of inability' ''.

"The burden of this proof is upon the state and before you can convict the state must prove that any failure to support, if you find there was a failure to support, must have been wilful, negligent and without just or sufficient cause; and it is not necessary for the defendant to show in the first instance that he had a just and sufficient cause, but the state must prove that he had not and this proof must be sufficient to convince you beyond a reasonable doubt or you must return a verdict of not guilty.''

The court stated the material allegations of the indictment and instructed the jury that the burden of proof was on the state to establish them; and the court also instructed as follows:

"Before you can convict the defendant, Earl Ritchie, of the crime charged in this indictment, you must believe from the evidence beyond a reasonable doubt that he wilfully, unlawfully and feloniously failed and neglected to support his wife and support his children, and if you believe from the evidence that the defendant was making every honest endeavor to earn a livelihood whereby he might support his children, and failed in his honest attempt to procure funds for his children then you should find him not guilty.

"If you believe from the evidence that the defendant earnestly and honestly sought employment whereby he could earn money to support his children, and

honestly failed in his attempt and endeavor to secure employment whereby he could earn sufficient money to assist in supporting his children, and that his failure to do so was no fault on his part, but that it is one of those unavoidable undertakings in life over which he had no control, and in that event if you so believe from the evidence, you should find the defendant not guilty.''

The court also stated to the jury that the defendant was not required to go on the witness stand himself, or put on any proof and that if the state ''has not proved beyond a reasonable doubt that the defendant committed the crime you will find him not guilty''.

We think the requested instructions above quoted were covered by the instructions actually given.

It follows that the judgment of the circuit court should be, and it is, affirmed.

BELT, J., did not participate in this opinion.